## Gorham *v.* Reeves and Others.

To maintain a suit on a note for the purchase-money of land, which is payable at the same time that the deed is to be executed, it is not incumbent on the payee to make an absolute tender of the deed; it is necessary but to offer it on the specified day, on condition of the defendant at the same time paying him the note.

A plea that the payee was not, when the note was sued on, nor had he been *from thence hitherto* the owner in fee of the land is good, as it vir-

May Term,
1849.

GORHAM
v.
REEVES.

Friday,
July 30.

tually denies the plaintiff's ownership on the specified day on which he was to execute the deed, on payment being made to him by the defendant.

A re-pleader will not be granted to a party who has committed the first fault in pleading and when the issue has been found against him, but where the issue is found in favor of such party he may have a re-pleader.

APPEAL from the *Hendricks* Circuit Court.

BLACKFORD, J.—*Caleb Reeves*, *Henry Sanders*, and *John Sanders*, brought an action of debt against *Thornton F. Gorham* in *March*, 1846. The suit was founded on a sealed note dated the 8th of *November*, 1838, for the payment of 200 dollars on or before the 15th of *August*, 1840.

There are two pleas in bar.

The first plea is substantially as follows: That the note sued on, with others of the same date, was given in consideration that the plaintiffs would, on the 15th of *August*, 1841, execute to the defendant a good and sufficient deed in fee simple for a certain tract of land (describing it); that the plaintiffs, on the day the note sued on was given, executed to the defendant a title-bond, conditioned that they would convey said land to the defendant in fee simple on said 15th of *August*, 1841. Averment, that the plaintiffs did not, on said 15th of *August*, 1841, execute or offer to execute, nor have they thence hitherto executed, or offered to execute, to the defendant a good and sufficient deed in fee simple for said land, although the defendant was, on said 15th of *August*, 1841, and has continued thence hitherto, ready and willing to pay the note to the plaintiffs if they would make him such deed as aforesaid. Verification.

Replication to the first plea, that in *March*, 1846, and before the commencement of the suit, the plaintiffs offered to the defendant a deed of conveyance in fee simple for the land mentioned in the plea, and demanded payment of the note, but the defendant refused to pay the same; and that the plaintiffs have, at all times since, been ready and willing to deliver the deed to the defendant if he would pay the note. Conclusion to the country.

The following is the substance of the second plea: That, at the time of making said note, the plaintiffs falsely and fraudulently represented to the defendant, that they were the owners in fee of the land mentioned in the first plea; that in consideration that the defendant would make to the plaintiffs the note sued on, and two others, and would pay them 100 dollars in cash, the plaintiffs agreed to convey said land to the defendant in fee on the 15th of *August*, 1841, and gave him a title-bond binding themselves to make such conveyance on that day. This plea also states that the defendant, confiding in such false representations, gave the note sued on, and the others before mentioned, and paid said 100 dollars in cash, to the plaintiffs, as the consideration for said land. The plea also states that the plaintiffs, at the time the note sued on was executed, were not the owners, nor was either of them the owner, in fee simple, of said land, nor had they or either of them been such owners from thence hitherto. Verification.

Replication to the second plea, that the note sued on was obtained fairly, and not by fraud and misrepresentation as alleged. Conclusion to the country.

The replications were both demurred to generally, but the demurrers were overruled.

The parties afterwards submitted the cause to the Court for trial, and judgment was rendered for the plaintiffs.

The issue raised by the replication to the first plea was, whether or not the plaintiffs had offered to make the deed in *March*, 1846, which was an immaterial issue. *McCulloch* v. *Dawson*, at this term (1). This issue was found for the plaintiffs, but still they could not have judgment on such finding, though there had been no other issue, if the plea was a good bar. We are of opinion, however, that the plea is substantially bad. The plaintiffs were not bound, in order that they might sue on the note, to make an absolute tender of the deed. It was only incumbent on them to offer the deed on the 15th of *August*, 1841, on condition of the defendants, at the same

time, paying them the note. If on such offer being made, payment was refused, the suit will lie. As the plea does not traverse the making of such conditional offer on the appointed day, it does not show a non-performance of the contract on the plaintiffs' part. Had the plea alleged that the deed had not been offered on the day according to the tenor and effect of the contract, that would have been sufficient on general demurrer. *McCulloch* v. *Dawson, supra.* But there is no such allegation. The plaintiffs, upon the finding in their favor of the immaterial issue arising out of this insufficient plea, would have been entitled to judgment, had there been no other issue. 2 Tidd's Pr. 822.—Gould, 513.—14 Viner's Abr. Judgment, D. Pl. 1.

The statement in the second plea, that the note sued on, with others, and a payment in money, was given in consideration that the plaintiffs would, on the 15th of *August*, 1841, convey certain land in fee to the defendant, but that the plaintiffs were not, when the note sued on was given, nor had they been *from thence hitherto*, the owners in fee of the land, was a bar to the suit. This plea, we think, may be considered as meaning that the plaintiffs were not the owners in fee of the land at any time between the day of making the note sued on and that of filing the plea. It therefore virtually denies the plaintiffs' ownership on the 15th of *August*, 1841. The rest of the denial is mere surplusage. The plaintiffs might have replied that they were the owners in fee on the 15th of *August*, 1841, and concluded to the country. If the plaintiffs were not the owners in fee of the land on the last-mentioned day, which was the day when the deed was to be made, they could not perform their part of the contract, and could not, consequently, after that day, sue on the note. The other statement in the plea, relative to the false and fraudulent representations, is not material. It might be struck out without affecting the validity of the plea. The replication to this plea takes no notice of the denial in the plea as to the plaintiffs'

ownership of the land, but it traverses the immaterial
statement about fraud. The issue, therefore, joined on
that replication, is immaterial.

This second immaterial issue was found for the plaintiffs, but the final judgment in their favor was not authorized by such finding. The reason is, that the second plea, which the defendant had a right to plead, contains a good defence, and he had a right to have the material part of it disposed of by a proper issue. *Gwynne* v. *Burnell*, 6 Bing. N. C. 453, per Parke, B. The fact found on that issue, namely, that the contract was free from the alleged fraud, did not show that the action was sustained. If the unanswered part of the plea denying the plaintiff's title be true, and it is admitted (so far as we are now concerned with it) to be true by the replication, they cannot recover.

We are therefore of opinion, that though both the issues were found for the plaintiffs, the final judgment in their favor is erroneous and must be reversed.

The last question is, what instruction must be given to the Circuit Court?

The defendant cannot have judgment notwithstanding the finding of the second issue against him. Supposing there may be cases where a defendant may claim a judgment *non obstante veredicto*, (respecting which we give no opinion,) this, at all events, is not such a case. The defence in the second plea as to the plaintiffs' not owning the land, is not expressly confessed by the replication. That part of the plea not being answered by the replication, is, to be sure, impliedly admitted, but such admission does not authorize a judgment *non obstante veredicto*. *Gwynne* v. *Burnell, supra*. Nor is it a case for an arrest of judgment. *Atkinson* v. *Davies*, 11 Mees. & Welsb. 236.—*Gordon* v. *Ellis*, 7 Mann. & Grang. 607. We think that the only proper course for the Circuit Court will be to award to the plaintiffs a repleader as regards the second issue. It is true, that the plaintiffs, by their replication to the second plea, committed the first fault in the pleading to that issue; and it is a general rule not to

May Term,
1849.

GORHAM
v.
REEVES.

grant a repleader to the party who commits the first fault in such pleading. But we find, upon examination of the authorities, that that rule only applies where the immaterial issue is found against the party who was first in fault. Where the issue is found in favor of such party, he may have a repleader. *Gordon* v. *Ellis, supra.*

*Per Curiam.*—The judgment is reversed, and the replication to the second plea set aside. Cause remanded, with leave to the plaintiffs to reply anew to the second plea.

*J. S. Harvey,* for the appellant.

*C. C. Nave,* for the appellees.

(1) See *ante,* p. 413.