ANSEL B. HOWARD, Respondent, *v.* V. K. STEVENSON ET AL., Appellants.

February 7, 1882.

1. In ejectment the validity of a judicial sale cannot be raised by an objection which goes only to the regularity of the proceedings leading to the sale.

2. A sale under a special execution issued upon and following a judgment, for back taxes, for a specific amount against each of two lots, is not rendered void because the lots are sold together.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed*.

BROADHEAD, SLAYBACK & HAEUSSLER, for the appellants : That such a sale as this was, and a deed embracing several distinct tracts of land in its recital, and that two or more separate lots were sold together for a gross sum, is void on its face, has been plainly held in— *Walker* v. *Morse*, 2 Dill. 256 ; *Ryan* v. *Cook*, 21 Iowa, 393 ; *Ferguson* v. *Heath,* 21 Iowa, 438 ; *Harper* v. *Sexton*, 22 Iowa, 442 ; *Ashley* v. *Sexton*, 24 Iowa, 320 ; *Hall* v. *Dodge*, 18 Kan. 277 ; *Pettus* v. *Wallace*, 29 Ark. 476 ; *Smith* v. *Dow*, 51 Me. 21 ; *Fletcher* v. *Stone*, 3 Pick. 250.   The sheriff was bound, under this special execution, to conform to the requirements of the law, and only sell one lot at a time.   The court prescribed the terms, and the officer had to follow them. — *Reynolds* v. *Wilson*, 15 Ill. 394 ; *Gould* v. *Garrison*, 48 Ill. 258 ; *Wheatley* v. *Tutt*, 4 Kan. 195 ; *Williamson* v. *Berry*, 8 How. 544.

M. W. HUFF, for the respondent : The fact that the sheriff sells a number of pieces of property in bulk does not vitiate the sale. — *Hicks* v. *Perry*, 7 Mo. 346 ; *Lisa* v. *Lindell*, 21 Mo. 127 ; *Fine* v. *Public Schools*, 30 Mo. 166 ; *Rector* v. *Hart*, 8 Mo. 462 ; *Wellshear* v. *Kelley*, 69 Mo. 343 ; *Bouldin* v. *Ewart*, 63 Mo. 330.   The judgment being against the two lots for the whole tax, and not against each for its specific amount, is only an irregularity, and does not render the judgment void, especially in a collateral proceeding. — *O'Reilly* v. *Nicholson*, 45 Mo. 160 ; *Martin* v. *Barron*, 37 Mo. 301 ; *Grover* v. *Grover*, 30 Mo. 400 ; *Lenox* v. *Clarke*, 52 Mo. 115 ; *Houck* v. *Cross*, 67 Mo. 151 ; *Winston* v. *Affalter*, 49 Mo. 263.

BAKEWELL, J., delivered the opinion of the court.

This was an action of ejectment for lots 18 and 19

in block 1731, of the city of St. Louis. Each lot has a front of twenty-six and one-half feet, running back to an alley. The finding and judgment were for plaintiff.

Plaintiff claimed under a sheriff's deed executed by virtue of sale under a special execution issued on a judgment for back taxes under the revenue act of 1877. In the tax case, the service upon Stevenson, the owner of the land, was by publication. Stevenson did not appear to that action. The judgment in that case finds $175.59 due upon lot 18, and $168.27 due upon lot 19. The execution follows the judgment, setting out the specific amount which is a judgment against each separate lot. Under this writ the sheriff advertised the property for sale, describing the lots separately. At the sale the sheriff sold to respondent both the lots together for the gross sum of $555. The appellant claims that this sale was void because the lots were sold together. This is the only point relied upon in this court for reversing the judgment.

The same presumptions exist in favor of the sheriff's proceedings in enforcing an execution from the circuit court in a tax case as prevail in any ordinary case in which that court has jurisdiction.

In ejectment for land bought at sheriff's sale, irregularities which do not render the deed absolutely void cannot be inquired into. The purchaser must look to the judgment, execution, levy, and sheriff's deed; if they are valid, all other questions are between the parties to the judgment and the sheriff. *Hewitt* v. *Weatherby*, 57 Mo. 276. It does not follow that because a sale is so irregular that it might be set aside on a timely appeal, it may, therefore, be collaterally attacked. The sale is not to be collaterally attacked unless it is absolutely void. It is well settled that a sale in mass by the sheriff under execution, of property which he ought to have sold in lots, is not *ipso facto* void. *Bouldin* v. *Ewart*, 63 Mo. 330.

The sale in the present case was not void because the

two lots were sold together. There was a party in court to avoid the erroneous sale. As that party took no steps of the kind, it must be held good against any collateral attack. Sales under execution issued upon a dormant judgment which has not been revived (*Doe dem* v. *Harter*, 1 Ind. 425); under executions where the levy had been set aside, and no *alias* execution issued, and no new levy made (*Thompson* v. *Philips*, 1 Cald. C. C. 246); where the order of sale in the probate court did not, except by reference, specify the land to be sold (*Adams* v. *Larrimore*, 51 Mo. 130); under a judgment against two defendants, where only one was served (*Lenox* v. *Clarke*, 52 Mo. 115); under an ordinary *fieri facias* where the judgment was properly only against the attached property (*Cabell* v. *Grubbs*, 48 Mo. 353), have been held good against collateral attack. The irregularities in these cases are greater than in the case at bar. But the rule is, as is said by Judge Baldwin, in *Thompson* v. *Philips* (*supra*), that " all questions arising on judicial sales, where their validity is questioned in an ejectment, must be those of authority, not of irregularity or error in awarding, executing, or confirming process or acts in pursuance of it."

The judgment in this case should be affirmed. It is so ordered. Judge THOMPSON concurs; Judge LEWIS is absent.