VERNON K. STEVENSON, Appellant, *v.* AZEL B. HOWARD ET AL., Respondents.

### November 6, 1883.

1. EQUITY — JUDGMENTS — CONSTRUCTIVE SERVICE. — To entitle a defendant at law to relief in equity against a judgment by default on publication in an action for back taxes, fraud must appear.

2. —— That the defendant in the back-tax proceeding was a non-resident and had not actual notice is not ground for equitable relief against the judgment.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

BROADHEAD & HAEUSSLER, for the appellant.

M. W. HUFF, for the respondents : If the statute providing for notice by means of publication is strictly followed, such service gives the court jurisdiction, and a judgment obtained on such a service is good and will not be set aside. — *Freeman* v. *Thompson*, 53 Mo. 183 ; *The State ex rel.* v. *Sargent*, 12 Mo. App. 228 ; *Kane* v. *McCown*, 55 Mo. 181 ; *Wellshear* v. *Kelly*, 69 Mo. 345 ; Freeman on Judgments, sect. 124. And under such a judgment a purchaser

will be protected and his title sustained. — Freeman on Judgments, sect. 509 ; *Reeve* v. *Kennedy*, 43 Cal. 649.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case alleges that plaintiff, on June 30, 1879, was seized in fee of two lots in St. Louis, numbered 18 and 19, of block 8, of Smith's addition to that city. That on the 12th of August, 1878, defendant Rosenblatt, the collector of the revenue for the city of St. Louis, began suit against defendant and said lots for back taxes ; upon lot 18 for the year 1873, $33.12 ; for 1874, $34.62 ; for 1875, $37.63 ; for 1876, $36.99 ; and against lot 19, for 1873, $31.74 ; for 1874, $33.17 ; for 1875, $36.24, and for 1876, $35.17, and prayed judgments for the state for the sum of $278.80, being the aggregate back taxes aforesaid, with interest at ten per cent from January 1, 1877, and two per cent as a fee to the collector, and the fee allowed by law to the register and to the attorney of the collector ; that judgment was rendered in the circuit court in this action for the aggregate sum of $343.86; that this judgment was rendered against the lots and Stevenson only upon constructive notice by publication ; that this judgment was erroneous and void, for the reason that the same was rendered against the two lots together, for the total taxes against both lots, and because said judgments erroneously direct that said real estate, or so much thereof as may be necessary to satisfy the same, be sold and a special *fieri facias* issue thereon ; that Rosenblatt caused an execution, general and special, to issue on said judgment, directed to the then sheriff of the city of St. Louis ; that the sheriff levied this execution upon these lots and thereunder sold these lots together to defendant Howard for $555.00, a grossly inadequate sum, in fraud of plaintiff's rights, and executed a deed to Howard, in pursuance of said sale, and that Howard is in possession under this deed.

The prayer is, that this judgment and the proceedings

thereunder be annulled; that the deed be cancelled; that an account be taken and plaintiff be allowed to redeem, on paying to Howard the amount expended by him and interest, and that plaintiff be put in possession.

To this petition Howard demurred on the ground that the petition did not allege sufficient constitutive facts. Rosenblatt also demurred on this ground, and on the further ground that he was not a necessary party. These demurrers were sustained and there was a final judgment for defendants.

We have already considered these objections to this judgment and to the proceedings thereunder, in the case of *Howard* v. *Stevenson* (11 Mo. App. 410). And that case must be considered as decisive of the one at bar. That was an action of ejectment in which the defendant in the present action as a purchaser at the tax sale in question here recovered possession under the tax deed of these same lots against the plaintiff in this action, having purchased this same property at the sale under the judgment for back taxes.

The sale by the sheriff was not void. The defendant, if he thought the sale so irregular that it ought to be set aside on that ground, should have prosecuted an appeal from the judgment in the back-tax proceeding. As the matter stands he is concluded by that judgment. It is true that he was not personally served, and that there was a default. But there is no allegation of fraud, nor that the publication was not made according to law. The statute provides for service upon non-resident defendants by publication, and there can be no question that a judgment which will bind the real estate of a non-resident defendant may be made upon such constructive service. Rev. Stats., sect. 6836. The mere fact that service upon the defendant was constructive is not in itself a ground for relief against a judgment obtained upon such service. Constructive service as a means of obtaining jurisdiction is not at all contrary to

the principles upon which our system of jurisprudence is based, and has always been recognized both at common law and in equity procedure.    3 Black. Comm. 283, 444. If there is any hardship in such a rule it must be found in the fact of want of actual notice.    But this can hardly be set up where the judgment was in a proceeding to collect back taxes on real estate.    The owner of land in a state of which he is not a resident may readily make himself familiar with its revenue law, and can hardly be supposed not to know, in a general way, that if he allows his taxes to remain unpaid, he is jeopardizing his title to his land.

Neither an error nor any irregularity of proceeding which does not involve the jurisdiction of the trial court, can be ground for equitable interference to do away with the effect of a judgment.    "A court of equity will never set aside or enjoin a judgment on the ground of error or mistake in a court of law."    Story's Eq., sect. 1572.    To entitle the defendant at law to relief in equity against an erroneous judgment, even though plaintiff was not entitled to recover in that form of action, and judgment was obtained by default, there must be some suggestion of fraud or some good reason assigned for failure to make the defence at law. *Turpin* v. *Thomas*, 2 Hen. & Munf. 139.

We see no equity in plaintiff's bill.    The judgment is affirmed.    All the judges concur.