THE STATE v. PULLENS, *Appellant*.

1. **Criminal Law**: IDEM SONANS. The name "Lossene" is *idem sonans* with "Lawson."

2. ———: INDICTMENT: PURPORT: TENOR. It is not required, either at common law, or by statute, that both the purport and tenor of an instrument charged to have been forged, should be set out in the indictment. It is sufficient to describe it by its purport, (R. S. 1879, § 1814,) or the instrument may be set out according to its tenor only.

3. **Indictment:** PURPORT: TENOR. The tenor of an instrument means an exact copy of it, while the word "purport" imports what appears on the face of an instrument, and means the apparent, not the legal import.

4. ———: ———: ———. Although the statement of the purport of an instrument be repugnant, yet, if the instrument is set out according to its tenor, the indictment will be sufficient under the statute. R. S. 1879, ? 1821.

5. ———: FORGERY: BANKING INSTITUTION. An indictment which charges the forgery of a promissory note "payable to the order of the People's Savings Bank" at "the banking house of the People's Savings Bank," sufficiently charges that the latter was a banking institution.

6. **Practice, Criminal:** INSTRUCTION. An instruction need not be as technical as an indictment, and it is sufficient to charge that, if defendant falsely made and forged the note in question, with intent to injure and defraud, the jury should convict. It need not declare that the jury, in order to convict, must find that defendant falsely, fraudulently and feloniously made and forged the instrument.

*Appeal from Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Broaddus & Wait* for appellant.

1. It cannot be contended that a promissory note can purport to be signed by J. J. Lawson by any name except J. J. Lawson. 1 Whar. Crim. Law, (Ed. 1874) § 342 a; Bouvier's Law Dic.,Title "Purport." 2. Private corporations must be pleaded. 2 Whar. Crim. Law, (Ed. 1874) §§ 1458, 1488. Revised Statutes, section 1915, 1821, do not aid the State. Where no one could be defrauded, there can be no intent to defraud. 3 Greenlf. Ev., § 103; *People v. Fitch*, 1 Wend. 198; *Colvin v. State*, 11 Ind. 361. The demurrer should, therefore, have been sustained. 1 Whar. Crim. Law, (Ed. 1874) § 396. The court erred in instructing the jury that if defendant falsely made and forged the instrument in question with intent to injure and defraud, they should find him guilty. It should have declared that, in order to

convict, they must find that he falsely, fraudulently and feloniously made and forged the note with intent to injure and defraud. Defendant could not intend to defraud J. J. Lawson by signing the name of Jackson Lossene. He could not have forged the name of Jackson Lossene, as that is the name of a fictitious person, and no such charge is contained in the indictment.

*D. H. McIntyre*, Attorney General, for the State.

Where a fictitious signature is stated, it should be described as purporting to be the signature of the real party. Roscoe's Crim. Ev., (7 Ed.) p. 564. Defendant signed the name of *Jackson Lossene*, intending that the bank should accept the note, believing it to be indorsed by James Jackson Lawson, the name of the real person, and it was proper to describe it as purporting to be signed by J. J. Lawson under the name of Jackson Lossene. *State v. Bibb*, 68 Mo. 286; *Reg. v. Mahony*, 6 Cox C. C. 487. It is sufficient to charge a general intent to cheat and defraud, without averring an intent to cheat and defraud any particular person. R. S. 1879, § 1686; *State v. Scott*, 48 Mo. 422; *State v. Phillips*, 78 Mo. 49. It was not necessary to aver that the People's Savings Bank was a corporation. It is sufficient to describe it by its general name used in business. *Reg. v. Atkinson*, 2 Moody top. p. 353; *Comm. v. Dedham*, 16 Mass. 139. When a name, such as is used in creating corporations, is referred to in an indictment, and which name discloses no individuals, corporate existence is implied without averring it. *Johnson v. State*, 65 Ind. 204; *Fisher v. State*, 40 N. J. L. 169. And it was competent to prove by parol that the People's Savings Bank was a corporation. R. S. 1879, § 1915. The instruction need not have told the jury that, in order to convict, they should find that defendant falsely, fraudulently and feloniously made and forged the note. It was sufficient to declare that if he falsely made the note with intent to cheat and defraud, the jury should convict.

Hough, C. J.—The defendant, in this case was convicted of the crime of forgery. The material portions of the indictment are as follows: "That one Turner Pullens * * unlawfully and feloniously did falsely make, sign and counterfeit a certain instrument in writing, commonly called a promissory note, payable to the order of the People's Savings Bank, and purporting to be signed by the said Turner Pullens, and also by one J. J. Lawson, by the signature of Jackson Lossene, and dated at Chillicothe, Mo., on the —— day of January, 1883, whereby a pecuniary demand and obligation for the payment of $85 at the banking house of the People's Savings Bank at Chillicothe, purported to be created in favor of the said People's Savings Bank, and against the said Turner Pullens and J. J. Lawson, and purported to be due four months after the date thereof, with interest thereon at the rate of ten per cent per annum from maturity, and which said false, forged and counterfeited instrument in writing, commonly called a promissory note, is in words and figures as follows, that is to say:

"CHILLICOTHE, Mo., January ——, 1883.

"Four months after date we promise to pay to the order of the People's Savings Bank eighty-five dollars for value received, payable at the banking house of the People's Savings Bank at Chillicothe, with ten per cent interest per annum from maturity.

Due $85.                    TURNER PULLENS.
                           JACKSON LOSSENE.

"With intent then and thereby, unlawfully and feloniously, to injure and defraud, against the peace and dignity of the State."

It appears from the testimony, that the defendant applied to the People's Savings Bank to borrow some money. The officers of the bank told him that he could have the money, if he would get some good man to go on his note. Defendant said he could get Jack Lawson. They said

he could get the money, and filled up the note for him, set out in the indictment. When the defendant brought the note back, signed as it appeared at the trial, for the purpose of getting the money, and was asked by the cashier of the bank if Lawson had signed it, he said "no," that Joseph Lawson signed it, as Jackson Lawson had a sore hand. The cashier inquired of some one whether Jackson Lawson had a son named Joseph, and learning that he had not, kept the note, and sent word to Mr. Lawson to have the defendant arrested. J. J. Lawson testified that his name was James Jackson Lawson, that he did not sign the note, or authorize any one to sign it for him, and that the defendant came to him while under arrest and confessed that he did the act, and asked him to release him, that he thought he could get the money and pay it off before he, Lawson, found it out. The defendant also admitted to the officer who had him in custody, that he signed Lawson's name to the note. Whether the name of Lawson was written on the note, "Lossene" by reason of illiteracy, or otherwise, does not appear. The name signed is *idem sonans* with "Lawson."

Three reasons are urged by the defendant's counsel why the judgment of conviction should be reversed: First, because the indictment is repugnant and insufficient, as a note signed *Jackson Lossene*, cannot purport to be signed by *J. J. Lawson*. Second, because the People's Savings Bank is not alleged in the indictment to be a corporation; and third, because the court erred in its instruction to the jury.

It has never been required, either at common law, or by any statute of this State, that the purport and tenor of an instrument, charged to have been forged, should both be set out in the indictment. Section 1814 of the Revised Statutes provides, that, it shall be sufficient to describe the instrument forged, by the purport thereof. But neither this section, nor any other provision of our statute, forbids setting out the instrument forged according to its tenor; and an indictment setting out the instrument forged accord-

ing to its tenor only, would undoubtedly be sufficient. 2 East's Pleas of the Crown, 983. In the indictment before us, the pleader has attempted to set out the note forged according to its purport, as well as according to its tenor. Where the tenor is given, the purport must necessarily appear, as the tenor of an instrument means an exact copy of it, whereas, the purport means "the substance of it, as it appeared on the face of the instrument to every eye which read it." As said by Buller, J., in *Reading's Case*, 2 Leach 672, "the indictment is repugnant in itself; for the name and description of one person or thing, could not purport to be another;" and in *Gilchrist's Case*, upon a conference of ten judges, it was held that "the word *purport* imports what appears on the face of the instrument. It means the *apparent* and not the *legal* import." 2 Leach 753. It would be difficult to say, looking at the face of the instrument alone, that the name of *Jackson Lossene*, purported to be *J. J. Lawson*. The defendant doubtless intended that the signature, forged by him, should be received by the bank as importing an obligation to J. J. Lawson, but this is not charged. If the indictment had charged that the note purported to be signed by Jackson Lawson, under the rule of *idem sonans*, the charge might not be held to be repugnant. But even though the statement of the purport of the note is repugnant, yet, as the note is set out according to its tenor, we think the indictment is sufficient, under section 1821 of the Revised Statutes, which provides that no indictment shall be deemed invalid on account of any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged.

There is no merit in the second ground relied upon. The indictment states, in substance, that the People's Savings Bank was a banking institution; it states that it had a banking house, and its incorporation was sufficiently shown.

The court instructed the jury that if the defendant falsely made and forged the note in question, with intent to

injure and defraud, etc., they should convict. Counsel contend that the jury should have been instructed that they must find that the defendant falsely, *fraudulently and feloniously* made and forged the instrument. In a case like this, the instruction need not follow the language of the indictment. If the defendant falsely made and forged the note with intent to injure and defraud, he was guilty as charged in the indictment.

We find no error in the record, which will warrant a reversal of the judgment, and it will, therefore, be affirmed. The other judges concur, except SHERWOOD, J., who is absent.