E. C. TITTMAN, Appellant, v. A. G. EDWARDS, Respondent.

### St. Louis Court of Appeals, October 25, 1887.

1. STATUTES—IN PARI MATERIA—CONSTRUCTION OF.—Apparently conflicting clauses of statutes *in pari materia* should be so construed as to give effect to each statute and to further the object of the legislation in preference to a construction based on purely artificial rules.

2. —— ADMINISTRATION — ADMINISTRATORS — PUBLIC ADMINISTRATORS.—At any time before the public administrator takes charge of an estate, the probate court may appoint an administrator who can not be removed on the sole ground that the public administrator's rights to administer are superior.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Affirmed.*

FRED. WISLIZENUS, for the appellant: Sections eight and nine, Revised Statutes, being general, must yield to the particular provisions of section 306. *The State v. Clark*, 54 Mo. 17; *The State v. Debar*, 58 Mo. 395; *Lamb v. Helm*, 56 Mo. 433; *The State v. Wolf*, 10 Mo. App. 99; *Spreckles v. Public Adm'r*, 1 Dem. 476. The history of these sections shows that the public administrator has exclusive right to administer in the

cases set forth in section 306. Rev. Stat., sect. 3160 ;-
Session Acts 1868, p. 3; Sedgwick on Construction, p.
194. The public policy underlying public administra-
tion requires the authority of the public administrator
to be exclusive in the class of cases indicated by section
306. Schouler's Ex'rs and Adm'rs, sect. 116, p. 148;
*Estate of Hyde*, 64 Cal. 228; *Estate of Morgan*, 53 Cal.
244; *Estate of Kelly*, 57 Cal. 81; *Matter of Blank*, 2·
Redf. 443; *Public Administrator v. Watts*, 1 Paige, 382 ;-
*Ex parte Hannover*, 3 Redf. 91; *In re Root*, 1 Redf.
257; *Matter of Estate of Goddard*, 30 Hun, 401; *Matter·*
*of Estate of Goddard*, 94 N. Y. 544; *McCabe v. Lewis,*
76 Mo. 296.

DYER, LEE & ELLIS, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is a proceeding begun in the probate court of
the city of St. Louis, by a motion presented by the pub-
lic administrator of the city of St. Louis, in which he
seeks to have letters of administration, which had been
granted to A. G. Edwards upon the estate of Patrick
Grogan, deceased, revoked, in order that he, as public
administrator, may, under the authority conferred by
section 306, Revised Statutes, take charge of the estate.
The following evidence was adduced in support of the·
motion : Patrick Grogan died intestate and unmarried
in the city of St. Louis, Missouri, within thirty days
prior to the twenty-third day of February, 1887. At the·
time of his death and for years prior thereto, he was a
resident of said city of St. Louis. He had no relatives
by blood or marriage residing in Missouri. The heirs of
said Patrick Grogan consisted of two brothers and the·
children of two deceased sisters, each and all of said
heirs being resident in the city of Chicago, state of
Illinois. The estate of Patrick Grogan consisted prin-
cipally of unsecured notes executed by residents of the·
city of St. Louis ( of the face value of $8,650 ), and of the·
bonds of the county of Laclede, Missouri, amounting,

with coupons, to $1,356. The probate court of the city of
St. Louis, on February 23, 1887, on the written request of
John H. Grogan, a brother, and one of the heirs of the
deceased, appointed A. G. Edwards administrator of the
estate of said Patrick Grogan. A. G. Edwards gave bond,
which was duly approved by the probate court, filed an
inventory, and has continued to act as such administra-
tor ever since. Eugene C. Tittmann, the public adminis-
trator of the city of St. Louis, had no knowledge of any
of the foregoing facts, until after said Edwards had qual-
ified as administrator. No opposing evidence was
offered. The probate court overruled the motion, as did
also the circuit court upon an appeal and a hearing *de
novo*. In giving his judgment overruling the motion,
Judge Lubke, of the circuit court, delivered a written
opinion, which we have had the advantage of seeing, and
in the reasoning of which we concur.

It is admitted that authority for the appointment of
Mr. Edwards as administrator is found in section 8, Re-
vised Statutes, and it would seem to have been a proper
exercise by the court of its power, under the circum-
stances above disclosed, to appoint a resident of the juris-
diction, able to give bond, upon the nomination of the
brother of a non-resident heir. Upon what principle,
then, can the letters so granted be revoked, in order that
another person, who would have been entitled to take
charge of the estate but for this appointment, may do
so? Obviously, where two persons are equally entitled
by law to administer upon an estate, and one of them is
appointed, the mere fact [that the other may desire the
appointment will afford no ground for revoking the
letters of the appointee. Williams' Executors, 428;
582; *Taylor v. Shore*, T. Jones, 161; *Dubois v. Trant*,
12 Mod. 438; *Wilson v. Frazier*, 2 Humph. 30; *Stoker
v. Kendall*, Bush (Law) 242. But it is forcibly argued
on behalf of the public administrator that, under
the provisions of section 306, Revised Statutes, which
requires him "to take into his charge and custody

the estates of all deceased persons in his county * * * when a stranger dies intestate in the county, without relations," it is his duty and right to take charge of this estate, notwithstanding the prior appointment of an administrator under the authority conferred upon the probate court by section 8 ; and the argument is, that section 8 is a part of a special or supplementary provision, and that the special must control the general provision, in conformity with the maxim, *generalia specialibus non derogant*. The maxim has no application to such a case. The purpose of the statute relating to administrations is to provide a bonded officer who should take charge of the estates of deceased persons in cases where they are liable to be wasted by reason of the fact of no executor qualifying, or no administrator being appointed under the general law. It is auxiliary to the general law relating to administration, and was intended to supply its deficiency in the particular named. It was intended as an adjunct to it, but was not intended to repeal or supplant any of its provisions. If this purpose of the statute is kept in view, it will appear that there is no necessary conflict between section 8 and section 306. If no appointment is made under section 8 in a case like the one under consideration, the public administrator is at liberty to take charge of the estate, and thereafter it would not be a proper exercise of power for the probate court to appoint an administrator under the terms of section 8 ; nor would it be a proper exercise of power for the court, after having made such an appointment before the public administrator had taken charge, to revoke the letters merely because the public administrator might subsequently desire to take charge. The case has some analogy to the case where two courts have concurrent jurisdiction ; the court which first acquires jurisdiction retains it to the end of the proceeding.

The judgment of the circuit court will be affirmed. It is so ordered.   All the judges concur.