STATE ex rel. MILLS, Respondent, v. MAST et al., Appellants.

St. Louis Court of Appeals, February 2, 1904.

MINOR: Choosing Guardian: Public Guardian and Curator. A minor, whose estate is in charge of the public administrator, and ex-officio public guardian and curator, on attaining the age of fourteen years may choose another guardian and curator under section 3489, Revised Statutes of 1899.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Phillips & Phillips* for appellants.

(1) When public administrator has been appointed to take charge of an estate, he shall continue the administration until finally settled, unless he resigns, dies, is removed for cause, or is discharged in the ordinary course of the law, as the public administrator. R. S. 1899, sec. 294; State ex rel. v. Kennedy, 73 Mo. App. 184. (2) A public administrator can only be removed from office in the manner and for the same causes that a justice of the county court may be removed. R. S. 1899, sec. 291. (3) The probate court, for good cause shown, may order an estate out of the hands of a public administrator but not otherwise. R. S. 1899, sec. 289, last clause, and sec. 295, last clause, and see also sec. 298. (4) But the public administrator having once taken charge of an estate, except for good cause shown, the probate court can not order the estate out of his hands. Tittman v. Edwards, 27 Mo. App. 493; R. S. 1899, sec. 292; Leeper v. Taylor, 111 Mo. 322; Adams v. Larrimore, 51 Mo. 130; 1 Wag. St., p. 122, sec. 8, 4th Subd.

*J. T. Davison* for respondent.

(1) The bond of Mast, as public administrator, is valid and binding. An official bond is valid and binding on those who sign it, although it is not in the form prescribed by statute. State ex rel. Lafayette County v. O'Gorman, 75 Mo. 370; Newton v. Cox, 76 Mo. 352; State ex rel. Jean v. Ham, 94 Mo. 162. (2) The estate in this case was not in charge of the appellant as public administrator, but as public guardian; nor did he take charge of the estate on his own motion, but upon the order of the probate court, which order the court had authority to make. R. S. 1899, sec. 3536. (3) The appellant was not removed from office, neither as public

administrator nor public guardian; but the probate court
simply made an order which required him to turn over
an estate, which he had been ordered, appointed, by that
court to take charge of as public guardian, to a guardian
who had been chosen by the minor upon attaining the
age of fourteen years.   Sec. 3489, R. S. 1899.   (4)
The order of the probate court directing Mast, the ap-
pellant, to take charge of the estate of the minor herein
was an appointment; therefore Mast was "guardian and
curator appointed by the court." And even though
section 294, R. S. 1899, may apply to public guardians
as well as to public administrators, the selection of Mills
as guardian by the minor upon attaining the age of four-
teen years, was good and sufficient "cause" for order-
ing the estate from Mast to Mills.   Green v. Tittman,
124 Mo. 375.   (5)   The right of a minor on attaining
the age of fourteen years to select a guardian of his or
her estate, was a common law right and has been recog-
nized all through the legislation of this State.   The law
empowering public administrators to continue in charge
of estates after the termination of office was of later
enactment, and at that time they were not ex-officio pub-
lic guardians.   Acts general assembly 1857, sec. 1, p. 3;
acts general assembly 1885, p. 28.

### STATEMENT.

This is an action upon the official bond of defend-
ant Aaron Mast and his sureties, as public administrator
of Butler county, Missouri.   The pleadings are not re-
produced, but from the statements of the respective par-
ties, it is gathered that the petition contained averments
that the relator was duly appointed, qualified and act-
ing as guardian of estate of Parazada Thorne, a minor,
that Thomas M. Lane, former guardian and curator of
the person and estate of such minor, died January 30,
1895, leaving her without legal or natural guardian of
her person or estate, and defendant Mast was duly ap-

pointed, qualified and commissioned, and entered upon the discharge of the duties of public administrator of Butler county, for the unexpired term of above deceased and gave bond as such, which is embodied. That on the fourth day of March, succeeding, pursuant to an order of the probate court of Butler county, Mast took charge of the estate of the minor named, collected sundry sums of money belonging to her estate, and on the twenty-first day of February, 1899, owed and still owes her estate a balance of $723.35. That on the twenty-second day of May thereafter, said minor having attained the age of fourteen years, appeared before the probate court of Butler county and chose relator, then public administrator of Butler county, as guardian of her estate, and he was thereupon appointed such guardian by that court. That Mast, although ordered by such court to account to relator for the property in his hands of the estate of Parazada Thorne, has failed so to do and judgment was asked accordingly.

For answer defendants file a joint general denial, united with the plea that Mast was the guardian of Parazada Thorne at time of institution of the suit and that relator had no authority to institute the action. A non-jury trial was had December, 1901, the defendants interjecting objections that the petition did not state facts sufficient to constitute a cause of action against them; that respondent had no legal capacity to sue.

The proof, embracing oral testimony, and the records of the probate court of Butler county, and tending to establish the facts alleged in the petition, was not controverted, defendants offering no testimony, but was objected to for the reason that an estate of a minor, having passed into the hands of a public administrator, the ward or minor, was precluded from selecting another guardian until he died, resigned, or was removed. The defendants asked instructions appropriate to the theory of their defense, which the court refused, and from judgment against them, they have appealed.

REYBURN, J. (after stating the facts as above).—
Until the amendment of sections of chapter 15, R. S.
1879 by the thirty-third general assembly (Laws of Mis-
souri, 1885, p. 27), the duties and powers of a public ad-
ministrator extended no farther than taking charge of
and administering upon the estate of persons deceased,
under the conditions therein classified; by the above act
the authority of such officials was first broadened so
as to make them public guardians and curators as well
as administrators, and imposing on them the further
duties of taking charge of the persons of minors under
the age of fourteen years, whose parents were dead and
were without legal guardians, and the estates of all mi-
nors under that age whose parents, if surviving, refused
or neglected to qualify as curators, or having so quali-
fied, had been removed, or were from any cause incompe-
tent, or of those who had no one authorized by law to
take charge of their estates. In the statutes of 1889,
also appeared a new section, by which the public admin-
istrator was created ex-officio public guardian as well,
and to have charge of estates of minors ordered into
his charge by the probate court. R. S. 1889, sec. 5336.
Such was the law in force at time defendant Mast
took charge of the estate of the minor named. R. S.
1889, sec. 299. With amendments of act of April 11,
1895 (Laws of 1895, p. 35) further enlarging the scope
of the duties and authority of such officers so as to in-
clude custody and care of persons and estates of parties
insane, such are the statutory provisions now prevail-
ing. R. S. 1899, sec. 292, 3536. The amending act of
1885 further added to section 307 the words "and guar-
dians and curators," so that section provided that the
public administrator should have the same powers con-
ferred upon, and be subject to the same duties, penal-
ties, provisions and proceedings as enjoined upon or au-
thorized against executors and administrators, so far
as the same might be applicable. Sec. 300, R. S. 1889.

In the interpretation of this statute, especially as affecting administration of estate of deceased, but subsequent to amendment, this court has held that its purpose was to provide a bonded officer to take charge of estates liable to be wasted, and that it was auxiliary to the general law and was intended to supply the deficiency in the particular named, but not designed to repeal or supplant any of the provisions of the existing general law. Tittman v. Edwards, 27 Mo. App. 492. At the time of the amendment above referred to and ever since, the statutes have contained a section entitling any minor having a guardian appointed by the court, upon attaining the age of fourteen years to make his or her own choice of another guardian or curator, whose appointment as such is to be confirmed by the probate court, if a suitable and competent person for the trust. (Sec. 5290, R. S. 1889), section 3489, R. S. 1899. This section also received the attention of the legislature of 1885, by authorizing the probate judge to act in such, with other enumerated cases, in vacation, as well as in term time, but was not otherwise disturbed. Laws of 1885, p. 175. Appellant relied upon the provisions of section 294, R. S. 1899 (sec. 301, R. S. 1889), which recites that when a public administrator has been *appointed* to take charge of an estate, he shall continue, unless he resigns, dies, is removed for cause, or is discharged. Attention is directed to the language adopted in this section as resembling section 3489, R. S. 1899 (formerly sec. 5290, R. S. 1889), empowering a minor having a guardian or curator *appointed* by the court to exercise the right of election, and which wording appellant insists, confines its operation to instances, where estates of minors are in charge of such officials not by virtue of their office, but by express and independent appointment of the probate court. In further construction of section 299, R. S. 1889 (sec. 292, R. S. 1899, except supplemental provision as to persons *non compos* as above), the Supreme

Court has announced that in the instances embraced in the several classifications therein mentioned, the public administrator takes charge of estates and acts independently of 'any order of the probate court, but occupies the position of private administrator. Leeper v. Taylor, 111 Mo. loc. cit. 322. The above contention of appellant, however, lacks application herein, for the order of the probate court directing Mast to take charge of the estate of this minor is made part of the testimony introduced. It is worthy also of remark that the above legislative enactment enlarging the powers and duties of a public administrator to those of a public guardian as well, in terms limits such additional authority to minors under the age of fourteen years.

In conclusion no statutory provision has been invoked, nor has any authority interpreting the statute been submitted, nor has any reason been advanced why a minor, whose estate up to the period of attaining the age of fourteen years has been in custody of the public administrator as public guardian, should be denied the right at that age accorded by the statute of selecting a guardian or curator to his or her liking, subject to the approval of the probate court; especially does such deduction appear reasonable in view of the fact that after such age, such minor would have enjoyed such privilege in absence of any guardian. R. S. 1899, secs. 3485, 3486.

The judgment is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.