JOSEPH M. KIMMEL v. STATE OF NEBRASKA.

FILED MARCH 18, 1916.   No. 19375

1. Forgery: COPIES OF ORDERS. Making duplicates or copies of orders for the payment of money, imitating the signatures of the makers of the original orders, and thereafter selling them to a third person as, and for, the true, genuine and original orders, is, in law, a forgery.

2. ———: EVIDENCE. Evidence of indorsing and selling such orders, thereby obtaining their face value, with intent to defraud, will sustain a conviction for the crime of uttering and publishing such forged instruments.

3. Criminal Law: NEW TRIAL: SHOWING: NEWLY DISCOVERED EVIDENCE. Affidavits attached to the motion for a new trial, asked for on the grounds of newly discovered evidence, examined, and found to be immaterial in that they fail to support the ground set forth in the motion.

4. Forgery: DEFENSE: INSTRUCTIONS. Instructions given by the trial court examined, and *held* to have properly submitted defendant's theory of his defense to the jury.

5. ———: INSTRUCTIONS: INTENT. The principal instruction of which defendant complains is set forth in the opinion, and *held* to be without error.

ERROR to the district court for Burt county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*J. M. Priest* and *B. C. Enyart,* for plaintiff in error.

*Willis E. Reed, Attorney General,* and *Charles S. Roe, contra.*

BARNES, J.

The county attorney of Burt county filed an information in the district court charging Joseph M. Kimmel with the crime of forging three certain orders for sums of money, and with uttering and publishing the forged instruments with intent to defraud. A plea of not guilty was entered and a trial was had. Before the case was submitted to the jury, the court withdrew the charge contained in the first count of the information. The jury found the accused guilty on the second and third counts of the information. A motion for a new trial was overruled. The court suspended sentence and paroled the accused to one Joseph Force, a resident of Burt county. Later on the parole was revoked at the instance of the county attorney, and Kimmel was sentenced to the penitentiary for a term of not less than one year nor more

than eight years.    From that judgment he has prosecuted error.

The first assignment of error is that the verdict is not according to the evidence. · The second count in the information reads as follows: "The said Herbert Rhoades, county attorney of the county and state aforesaid, gives the court to understand and be informed that Joseph M. Kimmel, on or about the 25th day of September, A. D. 1914, in the county of Burt and state of Nebraska, aforesaid, then and there being, did then and there unlawfully, knowingly, wilfully, maliciously, feloniously, and falsely make, forge and counterfeit an order or request for the payment of money, to which he falsely, fraudulently, and with the intent to defraud, forged the name of Andrew S. Gilbert, which said order or request for the payment of money was in the following words and figures, to wit:

"'July 23, 1914.

" 'To Farmers State Bank:

" 'Please pay to J. M. Kimmel, the bearer hereof, the sum of $105.15 on my account, for which amount I hereby acknowledge my indebtedness to you and agree to make payment thereof to you or order on October 1, 1914, together with interest at 8 per cent. from maturity.   Andrew S. Gilbert.

" 'Received payment pursuant to the above order.

" 'Dated this . . . . . . . . day of . . . . . . . . . . . . . . 1914.

" ' . . . . . . . . . . . . . . . . . . . .'

"Which said order or request for the payment of money was on or about said date indorsed by the said Joseph M. Kimmel, 'J. M. Kimmel,' all done with the intent of him, the said Joseph M. Kimmel, to defraud one Charles C. Taylor.

"The said Herbert Rhoades, county attorney, further alleges and gives the court to understand and to be informed that on or about the 25th day of September, 1914, the said Joseph M. Kimmel, in the county of Burt and state of Nebraska, then and there being, did utter and publish as true and genuine the above named and de-

scribed made, forged and counterfeited order or request for the payment of money, knowing the same to be false, with the intent of him, the said Joseph M. Kimmel, to defraud the said Charles C. Taylor, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Nebraska."

The third count was in all respects the same as the second count, with the exception that the order was purported to be signed by one W. W. Eckley.

The record discloses that the orders alleged to have been forged were introduced in evidence, and appeared to have been filled out in the handwriting of the defendant. The signatures, however, were very good imitations of the signatures of Andrew S. Gilbert and W. W. Eckley, who were supposed to have executed them.

Charles C. Taylor testified, in substance, that the defendant came to his restaurant at Tekamah, in Burt county, Nebraska, on or about the 24th day of September, 1914, and sold him the orders, which defendant then and there indorsed; that he paid him their face value, less a small board bill which defendant owed him; that he paid him the balance due on the orders in question in cash and certain checks on the First National Bank of Tekamah, on which defendant obtained payment from the bank. Taylor also testified that the defendant told him not to say anything about the transaction, because it might make him trouble with his insurance company. His evidence was corroborated by the testimony of his wife and one G. C. Deck, and certain other witnesses. Gilbert and Eckley both testified that they never signed the orders in question. The defendant claimed, however, that the orders were duplicate copies of original orders which he took from Gilbert and Eckley for life insurance premiums on policies in the Bankers Life Insurance Company of Lincoln, Nebraska; that he was the agent of the company, and in order to keep track of his business he made the duplicates, which were to be returned to Gilbert and Eckley on the payment of the originals, which defendant

claimed he had sent to the insurance company. By his evidence he admitted that he imitated the signatures of the drawers of the instruments, and that he did not mention that fact to Taylor when he sold him the orders. - He also claimed that he did not sell Taylor the orders, but that Taylor took them from him by force and fraud, and was holding them to force the payment of a gambling debt which defendant owed Taylor. This was denied by the witnesses for the state. He also testified that he never got any money for the orders, but the cashier of the bank testified that the defendant presented to him, at the bank counter, at least one of the checks given by Taylor.for $64, and that he paid defendant the cash for which the check was drawn. There was testimony which showed that defendant had played poker in the rooms upstairs over Taylor's restaurant, and there was some evidence which tended to show that Taylor had been conducting a game of chance, but that evidence did not excuse the defendant for his conduct in forging the instruments. In fact, the testimony of the defendant himself was so inconsistent and contradictory to his own statements that the jury were warranted in disregarding his evidence and returning a verdict of guilty against him.

Defendant contends that the court erred in overruling his motion for a new trial on the ground of newly discovered evidence. The record, on that question, contains a history of the prosecution of Charles C. Taylor on a charge of running a gambling house, and certain newspaper accounts of that prosecution. As we view the case, it was quite immaterial, and furnished no substantial reasons for granting the defendant a new trial.

Defendant also alleges error for the failure of the court to instruct the jury on the "authority to makes notes." In support of this assignment he cites 12 Cyc. 615g, and other authorities. The citation from Cyc. reads as follows: "An instruction which, while stating the charge or the evidence against the accused, omits to charge the jury as to the defense set up by him is error, unless the

defense is properly submitted to the jury in other parts of the charge."

An examination of the instructions given by the trial court shows that the defense was properly submitted to the jury, and defendant has no cause to complain in relation to that matter. It cannot be successfully contended that the authority to make duplicates of the orders in question included the right of the defendant to imitate the signatures of the makers, and then utter and publish the instruments as true and genuine orders for payment of money, and by so doing to obtain the amount of money which they called for.

It is finally contended that instruction No. 10, given by the court on his own motion, was erroneous and misleading. That instruction reads as follows: "It is a claim made by the defendant that he did not make the notes, checks, orders or requests for money he is herein charged with having forged, as forged instruments, but that he made them as copies of genuine notes for the purpose of keeping track of his business of life insurance transactions. Unless the state establishes beyond a reasonable doubt that this theory or claim is untrue, and that the said instruments were forged for the purpose of defrauding Charles C. Taylor, you should find the defendant not guilty." This instruction was clear and explicit, and was as favorable to defendant's contention as the court could well have given.

In conclusion, an examination of the record satisfies us that the defendant had a fair and impartial trial, that the evidence was sufficient to sustain his conviction, and the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.