THE STATE v. CLACY T. KINDER, Appellant.

Division Two, December 20, 1926.

**1. FORGERY: Information: Purport: Instrument Set Out.** In an information attempting to charge defendant of forgery in the second degree under the statute (Sec. 3901, R. S. 1919), if the instrument is set out according to its tenor the purport clause therein may be disregarded. If the instrument alleged to have been forged is set out, it is immaterial what the pleader conceived to be its legal effect.

**2. ———: ———: Check of Agent.** A defendant who fraudulently executes and utters a check purporting on its face to be executed by him as agent of another whose name appears thereon as the maker, is not guilty of forgery, though he has no authority from such other to execute it. His

offense is false pretense.   An information which sets out in full a check which shows it was signed "Samuel Fowler, by Kinder" and charging that defendant Kinder forged the check does not charge the crime of forgery under the statute (Sec. 3428, R. S. 1919) which declares that every person who shall forge any order or check "being or purporting to be drawn" on an incorporated bank "by any other person" shall, upon conviction, be adjudged guilty of forgery in the second degree.   The check on its face shows that it was drawn and signed by defendant as the agent of Fowler, and every one to whom it was presented was bound to know that its validity depended upon the authority of defendant to execute the check in Fowler's name.   If defendant had no authority to make the check his act was not a false making, but a false and fraudulent assumption of authority, and was not therefore forgery, and as he was not guilty of forgery the information should have been quashed.

Corpus Juris-Cyc. References:   **Forgery,** 26 C. J., Section 7, p. 899, n. 38, 39; Section 84, p. 940, n. 37.   **Indictments and Informations,** 31 C. J., Section 300, p. 745, n. 98.

Appeal from Washington Circuit Court.—*Hon. E. M. Dearing,* Judge.

REVERSED AND REMANDED.

*Jerry Mulloy* and *Vreeland L. Jackson* for appellant.

(1)   The information is sufficient where it describes the instrument by any name or designation by which the same may be usually known, or by the purport thereof, without setting out any copy or facsimile thereof.   Sec. 3901, R. S. 1919.   But where the instrument is set out according to its tenor, the purport clause must be disregarded as surplusage.   State v. Chamberlain, 89 Mo. 129; State v. Yerger, 86 Mo. 33; State v. Pullins, 81 Mo. 387; State v. Bibb, 68 Mo. 286. (2)   The character of the instrument must be determined from the instrument itself as pleaded *in haec verba.*   State v. Andrews, 249 S. W. 60.   (3)   One who executes an instrument purporting on its face to be executed by him as agent of a principal therein named, when in fact he has no authority from such principal to execute such instrument, is not guilty of forgery, as the instrument is nothing different from what it purports to be, the act being a false pretense. This is not a false making of the instrument, but merely a false and fraudulent assumption of authority.   26 C. J. 899; 19 Cyc. 1373-1374; In re Tully, 20 Fed. 812; Peo v. Bendt; 111 Cal. 274, 52 Am. St. 186; Barron v. State, 77 S. E. 214; State v. Taylor, 46 La. Ann. 1332; State v. Willson, 9 N. W. 28; Mann v. People, 31 Am. St. 482.   (4) The punishment for forgery in the second degree is fixed at from not less than two nor more than ten years imprisonment.   Sec. 3451, R. S. 1919.   The punishment for obtaining money or property by false pretense is fixed at not more than five years.   Secs. 3343, 3313,

R. S. 1919. (5) Forgery in the second degree and obtaining money, property or other thing of value are distinct offenses, and a person cannot be punished for the one where the information and proof show the other. State v. Andrews, 249 S. W. 63.

*North T. Gentry,* Attorney-General, *J. D. Purteet,* Special Assistant Attorney-General, for respondent.

The pleader, in addition to pleading the purport of the alleged forged instrument, set up the tenor of said instrument *in haec verba.* The purporting allegation states that the instrument purported to have been signed by Samuel Fowler. The signature on the instrument shows the following: "Samuel Fowler, by Kinder." We have been unable to find a case wherein this court has passed on the sufficiency of an information involving the precise point here presented. However, if the information correctly charged appellant with the crime of forgery in the second degree there is no reversible error in the record.

RAILEY, C.—On January 31, 1924, the Prosecuting Attorney of Wayne County filed in the circuit court of said county, a verified information, which, omitting formal parts, reads as follows:

"Wm. T. Powers, Prosecuting Attorney within and for the County of Wayne and State of Missouri, upon his oath of office as such prosecuting attorney, and upon his information and belief, now and here informs the court that on or about the 7th day of March, 1923, at and in the County of Wayne and State of Missouri, one Clacy T. Kinder, late of said county and state, did then and there unlawfully and feloniously forge, counterfeit and falsely make a certain false, forged and counterfeit check for the payment of money, purporting to be made by Samuel Fowler, and the said check purporting to be drawn on the Bank of Patterson, a bank incorporated under the laws of the State of Missouri, and doing a general banking business in the town of Patterson, County of Wayne and State of Missouri, which said false, forged and counterfeit check is of the tenor following, that is to say:

" 'Patterson, Mo. Mar. 7. 1923 No. ————
" 'BANK OF] PATTERSON
" 'Pay to C. T. Kinder or order, $1000.00
" 'One thousand no/100 ............... Dollars
" 'Samuel Fowler
" 'By Kinder
" '(Paid Mar. 8, 1923, Bank of Patterson, Patterson, Mo.)'

with the felonious intent then and there and thereby to injure, cheat and defraud; contrary to the statutes in such cases made and provided and against the peace and dignity of the State."

Defendant was arraigned and entered a plea of not guilty. On his application, a change of venue was taken, and the cause sent to the Circuit Court of Washington County, where it was tried. Defendant filed a motion to quash the information, which was overruled. On April 28, 1924, upon a trial before a jury, the following verdict was returned:

"We, the jury, in the case of the State of Missouri, plaintiff, v. Clacy T. Kinder, defendant, find the defendant, Clacy T. Kinder, guilty of forgery as he stands charged in the information and assess his punishment therefor at imprisonment in the penitentiary for a term of seven years."

On May 1, 1924, defendant filed motions for a new trial and in arrest of judgment, both of which were overruled. Thereafter, on March 23, 1925, allocution was granted, judgment rendered, sentence pronounced in conformity with the verdict, and an appeal allowed defendant to this court.

The defendant stood upon his demurrer to the State's evidence at the conclusion of same, and offered no evidence. The defendant has made no statement of the case, and has made no objection to the one made by counsel for the State as follows:

"The facts, as adduced from the testimony on behalf of the State, are substantially as follows:

"Samuel Fowler testified that he was eighty-three years old and lived during the year 1923 between the towns of Brunot and Patterson in the County of Wayne; that he was acquainted with the appellant in his capacity as cashier of the Bank of Patterson; that during the month of March of that year he had on deposit in said bank a sum of money amounting to fifteen or sixteen hundred dollars: that he did not authorize appellant on the 7th day of March, 1923, to sign his name to a check in the sum of one thousand dollars, in favor of appellant, nor did he authorize any one else to do so, nor did he sign his name to such a check.

"At this point the State's attorney exhibited the check, which was marked State's 'Exhibit A,' to the witness, which was signed 'Samuel Fowler, by Kinder,' and asked him if he had ever seen such signature before, to which question the witness stated that he never had. He did not sign the check himself as he could not read or write; that the first he had heard of such check was in the last part of the year 1923, when Mr. Harrison, a state bank examiner, came to his home and informed him of the check. There was no cross-examination made.

"Charles B. Ford testified that he was in the mercantile business in the town of Patterson, also president of the Bank of Patterson during the year 1923; that appellant was the cashier of that institution at that time. The witness identified the State's 'Exhibit C' as the individual account of appellant in the said bank from February 27,

1922, to May 17, 1922; he also identified State's 'Exhibit D' as the certificate of incorporation of the Bank of Patterson, and stated that appellant quit his position as cashier of the bank on the 14th day of November, 1923, and that he did not know where he was after that date.

"Several witnesses testified that they were well acquainted with the handwriting of appellant and that the handwriting on State's 'Exhibit A' was the handwriting of appellant.

"Lyman Wilcox testified that he was the Sheriff of Wayne County during the year 1923 and that appellant left the town of Patterson during the evening of November 14, 1923; that he next saw him in Fresno, California, on December 5th; that appellant was under arrest and he went there and brought him back to Wayne County.

"At this point, State's attorney offered in evidence State's 'Exhibit A,' which was the check alleged to have been forged by appellant.

"State's 'Exhibit B' which showed Samuel Fowler's account with the bank was also admitted in evidence.

"The State was permitted to introduce State's 'Exhibit F,' which was the deposit slip in the Bank of Patterson made by the appellant in the sum of one thousand dollars.

"State's 'Exhibit D' was then placed in evidence subject to it being the certificate of incorporation of the Bank of Patterson.

"The appellant offered no evidence, but contented himself with the cross-examination of two of the State's witnesses."

Such other matters as may be deemed important, will be considered in the opinion.

I. The information heretofore set out, charged defendant with *forgery in the second degree.* The jury returned a verdict finding **Information.** him guilty of forgery as charged in the information. The sufficiency of the information was challenged by motion to quash, which was overruled. The first paragraph in the motion in arrest of judgment charges: "That the information does not state facts sufficient to constitute any offense under the law."

Section 3901, Revised Statutes 1919 provides that "in any indictment for forging, . . . it shall be sufficient to describe such instrument or property by any name or designation by which the same may be usually known, *or by the purport thereof, without setting out any copy or facsimile thereof, or otherwise describing the same, or the value thereof.*" (Italics ours).

Where the instrument is set out according to its tenor, the purport clause must be disregarded as surplusage. [State v. Bibb, 68 Mo. 288; State v. Pullens, 81 Mo. 387; State v. Yerger, 86 Mo. 33; State v. Chamberlain, 89 Mo. 129; State v. Collins, 297 Mo. 266 and fol-

lowing.] Where the instrument alleged to have been forged is *set out, it is immaterial what the pleader conceives to be its legal effect.* We must determine the character of the check from the instrument itself as pleaded *in haec verba.* [State v. F. G. Andrew, 297 Mo. 237.] Keeping in mind the foregoing principles of law, we will endeavor to pass upon the sufficiency of the information.

II. The information is based on Section 3428, Revised Statutes 1919, which reads as follows: "Every person who shall forge . . . any order or check being or purporting to be drawn on any such

**Check by Agent.** incorporated bank or trust company, or any cashier thereof, by any other person, company or corporation, shall, upon conviction, be adjudged guilty of forgery in the second degree."

Section 3451, Revised Statutes 1919, provides, that the punishment for forgery in the second degree shall be imprisonment in the penitentiary for not less than two nor more than ten years.

The check in controversy shows on its face that it was drawn and signed by defendant as the agent of Samuel Fowler. Any person receiving the check, as well as the bank when presented, was bound to know, that its validity depended upon the authority of defendant to represent Fowler in the execution of said check. Although the defendant under such circumstances might be guilty of a criminal offense for executing such a document without authority, yet the law is clear, that under the above statute he was not guilty of forgery.

In 12 Ruling Case Law, sec. 8, page 145, the law relating to this subject is clearly and forcibly stated as follows: "So, if one fraudulently executes and issues an instrument purporting on its face to be executed by him as the agent of a principal therein named, he is not guilty of forgery though he has in fact no authority from such principal to execute the writing."

In 26 Corpus Juris, sec. 7, page 899, it is said: "But one who executes an instrument purporting on its face to be executed by him as agent of a principal therein named, when in fact he had no authority from such principal to execute such instrument, is not guilty of forgery, as the instrument is nothing different from what it purports to be, the act being a false pretense; *this is not a false making of the instrument, but merely a false and fraudulent asssumption of authority.*" (Italics ours.)

The law, as stated supra in Ruling Case Law and Corpus Juris, is fully sustained by many well considered authorities, some of which are as follows: 19 Cyc. 1373-1374; DeRose v. People, 64 Colo. 332; People v. Bendit, 111 Cal. 274; State v. Young, 46 N. H. 266; State v. Ford, 89 Ore. 123; State v. Willson, 28 Minn. 52, and cases cited; State v. Taylor, 46 La. Ann. 1332; Barron v. State, 12 Ga. App. 342,

and cases cited; Mann v. People, 15 Hun (N. Y.) 155; In re Tully, 20 Fed. 812; Commonwealth v. Baldwin, 11 Gray (Mass.) 197; Regina v. White, 2 Carrington & Kirwan, 404.

Counsel for respondent frankly admit in their brief that they have been unable to find any Missouri case sustaining the conviction herein. We likewise have examined the Missouri authorities relating to the crime of forgery, and find nothing therein which could be construed to uphold the validity of the above information. The authorities heretofore cited leave no room for cavil or doubt as to the *invalidity* of same.

The insufficiency of the information was challenged by motion to quash and by motion in arrest of judgment. The motion to quash the information should have been sustained for the reasons heretofore assigned.

It appears from the record that defendant was arrested in California and brought to Missouri for trial. The question may arise, as to whether the Statute of Limitations, as set out in Sections 3739 and 3740, Revised Statutes 1919, preserve the right of the State to further prosecute defendant for forgery.

We accordingly reverse the judgment below, and remand the cause to be proceeded with in conformity with the views heretofore expressed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.