### KENNEY v. NORTH CAPITOL SAV. BANK.
### No. 5485.

Court of Appeals of the District of Columbia.
Argued April 12, 1932.
Decided May 16, 1932.

522

Frank B. Hoffman and Francis W. Hill, Jr., both of Washington, D. C., for appellant.

Henry I. Quinn, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment upon a directed verdict for the defendant (appellee here) in the Supreme Court of the district in an action to recover $7,519.85, the proceeds of checks of customers of the plaintiff, payable to him and collected by the defendant on alleged unauthorized indorsement by one of plaintiff's employees.

Plaintiff was engaged in the electric fixtures and wiring business in this city, and operated under two trade names: "Washington Electric Company," the fixtures department, and the "Washington Electric Sales Company," the wiring department. He did his banking business with the defendant bank under two accounts—one, the "Washington Electric Company, by Charles D. Kenney," and the other "Charles D. Kenney, 'Wiring Account.'" His signature card at the bank for the fixtures department account read "Washington Electric Company, by Charles D. Kenney," and the signature card for the other, or "wiring account," read "Charles D. Kenney, Wiring Account, by Charles D. Kenney." "Charles D. Kenney" in both instances being in plaintiff's handwriting. The bank required checks drawn on these accounts to be signed in accordance with the signature cards.

From 1924 until August of 1927, Neal A. Yeager was in plaintiff's employ, having charge of the books and the banking. During that time he indorsed checks payable to the Washington Electric Company, using a rubber stamp provided by plaintiff on which appeared the words: "Washington Electric Company, By ———." In the blank space Yeager wrote his own name. Checks aggregating the amount sued for were cashed and the proceeds misappropriated by Yeager.

Plaintiff testified that he did not give the bank any instructions one way or the other as to who should indorse customers' checks. He was shown a check dated June 27, 1924, with the indorsement on the back, "Washington Electric Company," which was by stamp, and "Neal A. Yeager" in Yeager's handwriting. Plaintiff admitted that he authorized the indorsement "for the purpose of deposit." Asked if the words "for deposit" were on the check, plaintiff admitted that they were not.

Question. "And you provided him with the stamp on which was printed 'Washington Electric Company, by' and then a blank line?" Answer. "The Washington Electric Company's stamp was provided for me to sign my checks. At that time they were not printed on the check."

Question. "But you knew that that stamp was being used for this purpose, did you not?" Answer. "Yes."

Question. "You yourself had used it for that purpose, to indorse checks?" Answer. "I suppose I had. * * *"

Question. "You knew that Yeager took checks?" Answer. "I knew he took checks and indorsed them by his name for my account."

Question. "I say, you knew that he took checks from your place of business after having indorsed them just exactly as this check is indorsed which I hold in my hand?" Answer. "Yes."

Question. "And there is nothing on that check about 'For deposit'?" Answer. "No."

Witness further stated that, after he learned in April, 1927, that Yeager was cashing checks, he gave the bank instructions by letter as to indorsement of checks by Yeager. Before that time he had not given such instructions. The letter reads as follows: "This is to notify you that you are not to cash any checks made payable to the Washington Electric Company indorsed by Mr. Yeager or anyone else, except myself. Any checks that are indorsed for deposit only and are deposited to the account with Mr. Yeager's indorsement are acceptable but are not to be cashed." The checks in suit were all cashed prior to the receipt of this letter by the bank.

In 1925 knowledge was brought to plaintiff that Yeager had been convicted of embezzlement from the Second National Bank of Washington and that he had been paroled and the money made good. From that time on, plaintiff testified that he supervised

Yeager's work carefully, although he continued to permit Yeager to indorse checks "Washington Electric Company, by Neal A. Yeager."

Where one person knowingly permits another to represent him or puts the other in a situation indicating to those who deal with him that he has certain authority, the former is estopped from asserting against those who relied upon such appearance of authority that the agent was not acting within the actual limits of his authority. Crane v. Postal Tel. Cable Co., 48 App. D. C. 54. In the present case express authority was given Yeager to indorse checks, and this authority extended over a considerable period of time. Had plaintiff desired to limit Yeager's authority, he might, at the outset, have added to the stamp "for deposit only" or notified the bank of the intended limit of Yeager's authority. In the absence of such a limitation, the bank was justified in assuming that Yeager had authority to cash the checks, and plaintiff is estopped to deny the existence of such authority.

Judgment affirmed, with costs.

Affirmed.