Thelma L. SELVIDGE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6588.

United States Court of Appeals Tenth Circuit.

May 12, 1961.

Jack Ewing Wilson and Duvall, Head & Wilson, Oklahoma City, Okl., for appellant.

Paul W. Cress, U. S. Atty., and Erwin A. Cook, Asst. U. S. Atty., Oklahoma City, Okl., for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge and SAVAGE, District Judge.

SAVAGE, District Judge.

The appellant Thelma L. Selvidge was convicted on each count of a fourteen count indictment of forging and uttering seven United States Treasury checks in violation of Section 495, Title 18 U.S.C. The sole question for decision is whether the undisputed evidence proved the crime of forgery.

Selvidge was employed as a bookkeeper for Aero Precision Industries, Inc., Ok-

lahoma City, Oklahoma. She was directed to endorse the name of her employer on incoming checks for deposit only. A rubber stamp was provided for that purpose. She endorsed, without authority, the name of her employer on the checks which are the subject matter of the indictment, adding her own signature as follows: "By Thelma L. Selvidge". The endorsements were for deposit to her account and the proceeds were converted to her own use.

■ Conceding that offenses were committed in violation of state law, appellant insists that the unauthorized endorsement did not constitute forgery. We must agree with that contention.

If Selvidge had merely endorsed the name of her principal and cashed the checks contrary to her instructions, the crime of forgery would have been complete. It is a rule of general application that an agent may commit forgery by making or signing an instrument in disobedience of his instructions or by exceeding his authority. But when she added her genuine signature purporting to endorse the checks as the agent of her named principal, although she had no authority to do so, she was not guilty of forgery. The endorsements were precisely what they purported to be; the wrongful act being a false pretense or false representation of authority. The applicable rule is well stated in 37 C.J.S. Forgery § 8, page 38, as follows:

"An agent may commit forgery by signing an instrument in disobedience of his instructions or in improper exercise of authority, but one who executes an instrument purporting on its face to be executed by him as an agent, when in fact he has no authority to execute such instrument, is not guilty of forgery."

This rule is supported by an imposing array of authorities.[1] The cases cited by

1. Samples v. Milton County Bank, 34 Ga. App. 248, 129 S.E. 170, where a check signed "Mrs. N. D. Samples by N. D. Samples", without authority of the alleged principal, was held not to constitute forgery; State v. Kinder, 315 Mo. 1314, 290 S.W. 130, 51 A.L.R. 564, where a check was signed "Samuel Fowler by Kinder" the court held no forgery existed; Ex parte Offutt, 29 Okl.Cr. 401, 234 P. 222, where a company agent endorsed the company's name, without

the government are distinguishable on their facts.[2]

While asserting that no case applying federal law is to be found in which our identical question has been decided, the government argues that the "case which resembles the case at bar more closely than any other" is Yeager v. United States, 59 App.D.C. 11, 32 F.2d 402. There the defendant Yeager was employed by the Washington Electric Company as a bookkeeper. He was instructed to deposit both money and checks in the bank to the account of his employer and to endorse the name of the company on checks to be so deposited. As said by the Court "instead of depositing the checks involved in this transaction, he endorsed them and cashed the checks, receiving the money thereon. The money so received he appropriated to his own use." He was convicted of the crime of embezzlement as defined by statute applicable only to the District of Columbia. The Court reversed, holding that the general endorsement of the checks which was outside the limited scope of his authority was forgery rather than embezzlement. We find no statement in the opinion that Yeager, after endorsing the name of his principal, added his genuine signature as agent. The case appears to involve merely the signing of the principal's name

without authority which unquestionably constitutes forgery.

But the government says that Yeager did affix his signature as an agent. This additional fact is uncovered by reference to Kenney v. North Capitol Savings Bank, 61 App.D.C. 258, 61 F.2d 521, decided by the same court some three years later, which was an action to recover a judgment against the bank for cashing the checks for Yeager. We must concede that the Kenney case demonstrates that the checks were cashed by Yeager after endorsing the name of the payee by himself as agent. It is our view, however, that if the Court had considered this vital additional fact in the criminal case, it would have decided that the crime of forgery had not been committed. We cannot accept the Yeager case as supporting the proposition urged by the government in view of the court's failure to take notice of that part of the endorsement bearing the agent's signature. It is this decisive circumstance which compels a different conclusion.

In Marteney v. United States, 10 Cir., 216 F.2d 760, 763, this Court noted the distinction between the falsely made instrument and the false and fraudulent statement. Marteney issued warehouse receipts evidencing storage of grain which had not been received. The re-

authority, upon a check by himself as agent, the court held such an instrument cannot be the subject of forgery; Schulte v. State, 41 Okl.Cr. 173, 271 P. 1045, where a company attorney signed the company president's name on a certificate of stock, adding "by S" (the first initial of the attorney's last name), it was held not to be forgery; Mallory v. State, 179 Tenn. 617, 168 S.W.2d 787, 789, where defendant signed "Labor Advocate by P. T. Mallory" to a check without authority the court held no forgery was committed; People v. Bendit, 111 Cal. 274, 43 P. 901, 31 L.R.A. 831, where an instrument signed "Wm. Cluff & Co., A. B." (the latter being the defendant's initials) without authority to so sign, was not sufficient to make out forgery.

2. See, Quick Service Box Co. v. St. Paul Mercury Ind. Co., 7 Cir., 95 F.2d 15, where a bookkeeper obtained signatures

to blank checks and, in excess of his authority, filled in the blanks and appropriated the money; Ex parte Hibbs, D.C., 26 F. 421, where a postmaster filled in spaces of a money order under a fictitious name and appropriated the money; United States v. Tommasello, 2 Cir., 160 F.2d 348, where a prescription was falsely made in that it stated certain narcotics were for another person when in fact they were for the doctor who wrote the prescription. See, also, Moore v. Commonwealth, 92 Ky. 630, 18 S.W. 833, and State v. Bell, 67 N.D. 382, 272 N.W. 334, where a person authorized to sign the name of another to certain documents, signed such name to a false document; and Kimmel v. State, 99 Neb. 547, 156 N.W. 1074, where the authority to make duplicates was exceeded by an imitation of signatures and an uttering of the duplicates as originals.

897

ceipts were genuine in their execution but contained false and fraudulent representations. In reversing the conviction under the National Stolen Property Act, 18 U.S.C. 2314, we said:

"As used in criminal statutes, the words 'falsely made' and 'forged' are homogeneous, partaking of each other. They have always been synonymously construed to describe a spurious or fictitious making as distinguished from a false or fraudulent statement. The words relate to genuineness of execution and not falsity of content. * * *

" * * * Plainly upon the face of the charges, the warehouse receipts were actually what they purported to be. Their falsity lies in the representation of facts, not in the genuineness of execution."

The endorsement by Selvidge was not spurious or fictitious. It was exactly what it professed to be. The vice was the false and fraudulent representation that she had authority to execute such a general endorsement. The offense was not forgery.

Reversed with instructions to enter a judgment of acquittal.