———o———

SIMEON C. ADAMS, *et al.*, Plaintiffs in Error, *vs.* WILLIAM C. LARRIMORE, Defendant in Error.

1. *Administrator—Failure of, to give notice of his administration—Effect of.—* The failure of an administrator to file a notice of the fact of his administering on an estate as contemplated by the statute (Wag. Stat. 122, § 13) will not invalidate his acts in the premises.

Adams, et al., v. Larrimore.

2. *Administrator---Petition of, for sale of land--Order of sale--Failure of, to specify lands to be sold--Effect of*---Where the petition of an administrator, praying for the sale of certain lands, and the appraisement set out the number, description and location of the land, and the order of sale referred to and was based upon the petition and description, the sale is not void because the order did not specify and set out the land to be sold.

### *Error to Audrain Circuit Court.*

*McFarland and Hayden*, for Plaintiff in Error.

*Wm. J. Howell*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This is an action of ejectment to recover lands lying in Audrain county. The ancestor of the plaintiffs in error died intestate, seized of the land in controversy, and they now claim by descent as his heirs-in-law. The defendant in error derives his title through a sale of the land made by the public administrator of Audrain county, who had charge of the testator's estate. Several objections have been taken to the proceedings of the administrator, which resulted in the sale, and which it is alleged rendered his action and the sale thereunder invalid. It is contended that the whole proceeding is void, because there is no record evidence that the county court ordered him to take charge of the estate, and that he did not file any notice of the fact of his administering in the office of the clerk of the court having probate jurisdiction. There are certain instances in which the county court may order the public administrator to take possession of an estate to prevent its being wasted or injured; and in other cases it is his duty to take charge of an estate without any order, one of which is, when money, property, papers or other estate are left in a situation exposed to loss or damage, and no other person administers on the same. (1 Wag. St., p. 122, § 8, 4th, sub-div.)

The evidence clearly shows, and there is no dispute about this fact, that this estate was left in a condition which authorized the public administrator to take possession of the same and proceed to administer thereon. The intestate died away from home; the property was in the county where he resided;

no one was there capable of taking care of it, and it was liable to deterioration and loss. But the statute further provides that it shall be the duty of every public administrator immediately upon taking charge of an estate (except where he acts under the order of the court) for the purpose of administering the same, to file a notice of the fact in the office of the clerk of the court having probate jurisdiction. (1 Wag. Stat. p. 123, § 13). If, however, he should omit to file the notice, we do not think that that would render the whole administration void. The assumption that such would be the case is founded on a misapprehension or mistake of the jurisdictional fact. The statute authorizes the public administrator to act and confers the jurisdiction independent of the notice. The notice should be filed unquestionably; but it does not give any jurisdiction, authority or power, and its omission will not invalidate the acts of the administrator.

This construction acquires additional weight by reference to the next succeeding section which declares, that if any public administrator shall fail to file the notice provided for, he shall forfeit and pay to the persons entitled to the estate, a sum not exceeding two hundred dollars, to be recovered before the court on motion, and the court may in its discretion remove such public administrator from office. [Ibid. § 14.]

It was obviously the intention of the statute to impose a forfeiture or penalty on the officer for failure to do his duty in regard to filing the notice, but not to invalidate his acts touching the administration.

The next point urged is, that the sale was void, for the reason that the county court in making the order did not specify and set out the land to be sold. But this position cannot be sustained. The petition praying for the sale of the land, and the appraisement, set out the numbers, description and location of the land and the order of sale referred to, and was based on the petition and description.

This I think was sufficient. The papers all formed a part of the proceedings in the cause and made the order definite and unmistakable. The court had full jurisdiction over the

subject matter, and proceeded according to law, and a mere informality could not be taken advantage of in an action of this kind. The evidence shows that the notices of sales were duly published and given ; that the report of the sale was regularly approved by the court; that the purchaser paid his money and received his deed, and that in the whole matter the administrator substantially complied with the law.

We see no error in the record, and the judgment should be affirmed. Affirmed.

The other judges concur.