WILLIAM A. HOLLINGSWORTH, Respondent, v. JOHN H. JEFFRIES, Public Administrator, etc., Appellant.

Kansas City Court of Appeals, November 19, 1906.

1. ADMINISTRATION: Public Administrator: Non-Resident's Estate: Improvident Letters. Where a non-resident dies intestate, leaving personal property in the State liable to be injured, wasted or lost, with no known resident heirs, it is the duty of the public administrator of the county where the property is situated to take charge and preserve the same from injury, waste and loss, and he thereupon is invested with the powers and duties of a private administrator and is subject to the jurisdiction of the probate court, and letters issued on such estate are not improvident.

2. ———: ———: ———: Appearance of Resident Heirs: Right to Administer. Next of kin and heirs are entitled to administer in the order mentioned in the statute; and although the public administrator under the directions of the probate court may properly take charge of an estate where the heirs are unknown, yet when resident heirs appear they have the right to administer and the probate court can remove the estate from the care of the public administrator to such of the resident heirs as are qualified to administer.

3. ———: ———: **Object of Statute: Statutory Construction.** The purpose of the statute relating to the administration of estates by the public administrator is to provide a bonded officer for estates liable to waste, and is ancillary to the general administration law and intended to supply its deficiencies in the particulars mentioned in the statute.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

C. C. *Fogle* for appellant.

(1) If an estate is found within a county, existing in any of the statutory conditions, the public administrator must take charge of it. Leeper v. Taylor, 111 Mo. 312; Dunn v. Book Co., 109 Mo. 90. (2) It is not only his duty to take charge of such estates, but he must do it, or else he will be liable on his bond. State ex rel. v. Kennedy, 73 Mo. App. 384. (3) Whenever the public administrator takes charge of an estate found in the condition in point one, there is no authority of law, without cause, by which the probate court can remove him from administering upon said estate. R. S. 1899, art. 15; Bushell v. Lewis, 6 Mo. App. 599. (4) When the public administrator has been appointed to take charge of an estate he shall continue the administration until finally settled, unless he resigns, dies, is removed for cause, or is discharged in the ordinary course of law as the administrator. R. S. 1899, sec. 294. (5) Where the estate is found in the condition described in point one, it is not necessary for the public administrator or the probate court to give notice to anyone to administer, it is the duty of the public administrator to take charge of said estate. R. S. 1899, sec. 292; Leeper v. Taylor, 111 Mo. 312. (6) The probate court has no jurisdiction in this case, and its acts were absolutely void and hence the circuit court acquired no jurisdiction and its

acts were also void. Headlee v. Cloud, 51 Mo. 301; McCabe v. Lewis, 76 Mo. 296; Becraft v. Lewis, 41 Mo. App. 546. (7) Under the statute a public administrator may take charge of any estate in which letters had not been taken out under the general law of administration. Callaham v. Griswold, 9 Mo. 784. (8) The general provisions of the administration law and special provisions in regard to the public administrator are not *in pari materia.* State to use of Lewis v. Wolff, 10 Mo. App. 95. (9) A public administrator is a public officer, who is presumed to have acted correctly and within the purview of his statutory authority. Vermillion v. Le Clare, 89 Mo. App. 55. (10) Under article 15, R. S. 1899, there is no provision made requiring the public administrator before he takes charge of an estate to give notice to anyone. R. S. 1899, art. 15. For similarity see Sutton v. Cole, 73 Mo. App. 518, 155 Mo. 206; Kincaid v. Griffith, 64 Mo. App. 673.

*Higbee & Mills* for respondent.

(1) The right to administer upon an estate is a valuable property right given by law, first to the surviving husband or widow, next, to those entitled to distribution of the estate. R. S. 1899, sec. 7. (2) A distributee of an estate, living within this State can be deprived of his statutory right to administer: First, by his written waiver; second, by the statutory citation to appear and qualify as administrator, and his failure so to do. And until he has so barred himself, any distributee is entitled to administer, as a matter of course. R. S. 1899, secs. 8, 9; State ex rel. v. Guinotte, 113 Mo. App. 407; State ex rel. v. Fowler, 108 Mo. 470; Wetzell v. Waters, 18 Mo. 399; Kelley's Probate Guide, sec. 403; Mullanphy v. County Court, 6 Mo. 563. (3) A public administrator bears toward an estate the same relation as any other stranger to that estate. Tittmann v. Edwards, 27 Mo. App. 492; 2 Am. and Eng. Ency. Law

(2 Ed.), page 806 and cases cited. (4) The probate court may remove a public administrator upon application of a distributee, qualified to administer, who is not barred from administering upon the State by one of the statutory methods. R. S. 1899, secs. 293, 298; Leeper v. Taylor, 111 Mo. 322. (5) The statutes relating to public and private administrators are *in pari materia*. Tittman v. Edwards, 27 Mo. App. 492; State ex rel. v. Nolan, 99 Mo. 293.

JOHNSON, J.—Plaintiff filed a motion in the probate court of Schuyler county, the purpose of which was to obtain the revocation of letters of administration issued to defendant, the public administrator, on the estate of Caleb Collins, deceased, and the grant of letters of administration to plaintiff. The probate court sustained the motion and defendant appealed to the circuit court where the motion was submitted by the parties on an agreed statement of facts. Plaintiff again prevailed and the case is here on defendant's appeal. The material facts thus are stated in the agreed statement:

"That on the 11th day of August, 1905, Caleb Collins died intestate and without widow or issue, being at the time of his death a resident of Davis county, Iowa; that William A. Hollingsworth, plaintiff in this case, is one of the heirs of said Caleb Collins, deceased, and entitled to a distributive share of said estate, and that he was then and is now the only male heir of said deceased residing in the State of Missouri; that he is now and was the only heir and distributee of said Collins living in this State at the time the probate court ordered defendant to take charge of said estate, competent to administer thereon; that he lives and did live at the time of the death of said Caleb Collins, and has ever since continuously resided in Mercer county, Missouri; that on the 4th day of December, 1905, the probate court of Schuyler county, Missouri, during the regular term thereof, ordered John H. Jeffries, public administrator

of Schuyler county, Missouri, to take charge of the estate of said deceased, Caleb Collins, without having given any notice or citation to affiant, or to any other heir or distributee of said Collins to administer on said estate; and thereupon said public administrator took charge of the assets of said deceased, situated in said county of Schuyler and State of Missouri, and now has the same in his charge. That said Caleb Collins left 152 acres of land in Schuyler county, Missouri, at his death, of which he was seized in fee, being all the land he owned situated in the State of Missouri, except eighty acres of unimproved land located in Macon county, Missouri; that said Caleb Collins left no mansion house or place of abode in the State of Missouri; that said Caleb Collins left personal property in the said county of Schuyler, that is liable to be wasted or destroyed, unless said estate is administered upon; that at the time the public administrator took charge of the estate of said Caleb Collins, William A. Hollingsworth, the plaintiff in this cause, was unknown to the probate court, and it was not then known to the probate court that he resided in Mercer county, Missouri," etc.

Two main questions are presented. First, were the letters of administration granted to the public administrator improvidently issued? Second, if not, has plaintiff as the resident heir of the decedent the right to supersede the public officer in the administration of the estate?

By the provisions of section 292, Revised Statutes 1899, it is made the duty of the public administrator "to take into his charge and custody the estates of all deceased persons . . . in the following cases: First, when a stranger dies intestate in the county without relations, or dies leaving a will and the executor named is absent or fails to qualify; second, when persons die intestate without any known heirs; third, when persons unknown die or are found dead in the county; fourth,

when money, property, papers or other estate are left in a situation exposed to loss or damage and no other person administers on the same; fifth, when any estate of any person, who dies intestate therein, or elsewhere, is left in the county liable to be injured, wasted or lost when said intestate does not leave a known husband, widow or heirs in this State."

In the present case where a non-resident of this State died intestate in the State of his residence leaving personal property in this State that was liable to be injured, wasted or lost, and leaving no known heir residing in this State, it was the clear duty of the public administrator of the county wherein the property was situated to take charge of it in order that it might be preserved from injury, waste or loss. This, the officer mentioned could have done lawfully without the grant of letters of administration. [Adams v. Larrimore, 51 Mo. 130; McCabe v. Lewis, 76 Mo. 296.] And on taking charge of the property, either with or without such letters, he became vested with the powers and charged with the duties of a private administrator appointed under the general administration law. [R. S. 1899, sec. 293.] He became subject to the jurisdiction of the probate court and in a proper case could be removed by that tribunal. [McCabe v. Lewis, supra.] Despite the fact that at the time he took charge of the estate an heir of the decedent resided in this State, who was qualified by law to act as administrator, the grant of letters to the public administrator was not made improvidently. Neither that officer nor the probate court of Schuyler county had knowledge of that fact. Property belonging to the estate was situated in their jurisdiction and needed attention. A situation such as this is one for which the office of public administrator was created and obviously it would be out of harmony with the spirit as well as the letter of the law should we hold that the act of the probate court in granting letters to the public administrator

and that of the latter officer in taking charge of the estate were improvident because the citation provided in section 8, Revised Statutes 1899, was not issued to an heir, of whose very existence the officers had no knowledge.

But it does not follow that because these acts were within lawful bounds the public administrator may be removed only on account of some misconduct. Sections 7, 8 and 9, Revised Statutes 1899, provide "that letters of administration shall be granted: First, to the husband or wife; secondly, to those who are entitled to distribution of the estate, or one or more of them, as the court, or judge, or clerk in vacation shall believe will best manage and preserve the estate. If no such person apply for letters within thirty days after the death of the deceased, the court, or judge, or clerk may issue a citation to him, or them, on motion of any person interested, to appear and qualify for administration, giving at least five days time for that purpose; and if the person or persons so cited fail to administer within the time appointed, letters may be granted to any person whom the court, or judge, or clerk in vacation may deem most suitable.

"Letters testamentary and of administration may at any time be granted to any person deemed suitable if the person, or persons, entitled to preference file their renunciation thereof, in writing with the clerk of the court, or if proof be made that no such persons reside in this State."

In these enactments is observed the fixed policy of entrusting the administration of the estate of a deceased person to one who by reason of his heirship has a personal interest in the estate rather than to one who is a stranger thereto. If husband or wife residing in this State survives the decedent, he or she has the prior right to administer. There being no husband or wife, it is within the province of the probate court to say which

of the persons entitled to distribution will best manage and preserve the estate, but the selection must be made from this class of persons if it exists in this State, for the right to administer may be lost only in the manner provided in sections 8 and 9, supra. The law fixes the order of priority and the probate court cannot in the exercise of discretion deviate from that order. [State ex rel. v. Fowler, 108 Mo. 465; State ex rel. v. Guinotte, 113 Mo. App. 399.] (In the latter case we said: "The law fixes the order of *priority and the court can be compelled to follow it by a* writ of mandamus," but in the report of the case the italicized words were omitted by mistake.) Plaintiff, the only heir of the decedent who resided in this State, had the prior right to administer on the property of the estate found therein. He did not renounce this right in writing nor was he cited to appear and qualify as administrator. Neither the fact that he failed to appear voluntarily before the probate court of Schuyler county and apply for letters of administration, nor the fact that his existence was unknown to the probate court or public administrator, is made a statutory ground for depriving him of his right to administer.

Defendant argues that under the provisions of section 294 of the article in Revised Statutes 1899, relating to public administrators, he could only be removed for cause during the progress of the administration, but section 298 of the same article gives to the probate court the authority "at any time for good cause shown to order the public administrator to account for and deliver all money, property, or papers belonging to any estate in his hands to his successor in office, or to the heirs of said estate, *or to any executor or administrator regularly appointed as provided by law.*" To give proper effect to the clause which we have italicized requires the conclusion that the Legislature intended to provide for the very situation now before us, i. e., that where the estate requires the care and attention of an adminis-

trator, and no one possessing a prior right is known to exist, the public administrator should care for and administer the property of the estate until one entitled by priority and legally qualified applies for letters and qualifies, at which time the public administrator should surrender his charge.

The purpose of the statute relating to the administration of estates by public administrators, as was well said in Tittman v. Edwards, 27 Mo. App. 492, "is to provide a bonded officer who should take charge of estates of deceased persons in cases where they are liable to be wasted by reason of the fact of no executor qualifying or no administrator being appointed under the general law. It is auxiliary to the general law relating to administration and was intended to supply its deficiency in the particular named. It was intended as an adjunct to it, but was not intended to repeal or supplant any of its provisions."

It follows from what has been said that plaintiff is entitled by law to administer the estate and that no error was committed in revoking the letters of the public administrator and in the appointment of plaintiff to succeed him.

The judgment is affirmed. All concur.