IN MATTER OF ESTATE OF CHARLES G. ALLEN;
FRANK CROSS and WILLIE CROSS v. R. C.
MULLINS, Appellant.

Division One, April 13, 1925.

1. **ADMINISTRATION:** Preference of Minor Heirs. The benefits of
   Section 8, Revised Statutes 1919, declaring that if no person en-
   titled to distribution of the estate applies for letters within thirty
   days the court, upon citation to such person and his failure to ap-
   pear within five days, may grant letters to any person deemed most
   suitable, were intended to be extended to minor heirs. Although
   the sole distributees are minors, the public administrator is not
   entitled to take charge of the estate or to be appointed administra-
   tor until the precedent conditions prescribed by said statute have
   been complied with.

2. ———: ———: Right of Public Administrator. The sole distributees
   were minors under fourteen years of age, and, the wife of decedent
   having predeceased him they were kept in the home of his resident
   sister and her husband. *Held,* that the public administrator was
   not entitled to take charge of the estate or to be appointed ad-
   ministrator immediately upon decedent's death, nor at all, if such
   husband is timely appointed guardian of the minors and within
   thirty days he and said sister appear and he is deemed a suitable
   person to be appointed administrator. And in such case the ques-
   tion whether said sister and her husband were proper claimants in
   the probate court in the first instance is not material.

8. ———: Revocation of Appointment. The appointment of the public
   administrator as administrator of decedent's estate can be revoked
   by the probate court of its own motion if he was not entitled to be
   appointed. Such revocation is not for cause within the meaning of
   the statute (Sec. 42, R. S. 1919), but the correction of an improvi-
   dent error committed without statutory authority.

---

Citations to Headnotes: Executors and Administrators: 1 and 2, 24
Cyc. 2879; 3, 24 C. J. 2882.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*W. K. Amick* for appellant.

(1)  The public administrator had authority to take charge of the estate of the deceased, and properly did so under the circumstances.  There was property exposed to loss.  Sec. 296, R. S. 1919, fourth clause; Troll v. Landgraf, 183 Mo. App. 251.  The public administrator was bound to serve.  State ex rel. Gordon v. Kennedy, 73 Mo. App. 388.  There was no heir at law competent or capable to administer, all of which facts were perfectly well known.  The public administrator properly took charge in order to protect the estate until the appointment of some administrator by the court.  (2)  All persons under the age of twenty-one are not competent or suitable to be appointed as administrator and are expressly disqualified by statute.  Sec. 6, R. S. 1919.  (3)  Section 7 was amended in 1917 by adding the following:  "Provided, however, if the court, or judge in vacation, should believe no one of such persons entitled to administer is a competent and suitable person, some other than those above mentioned may be appointed."  This amendment changes the law as it stood before that time and gave the probate court the discretionary power to refuse to appoint persons entitled to priority when they are all not competent or suitable, and in such case the court has the express power to appoint some other person.  Sec. 7, R. S. 1919.  (4)  The probate court properly appointed appellant administrator.  There was no person in existence competent and suitable entitled to priority of appointment.  There was no wife and all the children who were entitled to distribution of the estate were minors under thirteen years of age and none of them competent.  In such case the statute expressly provides that the court may at any time appoint some other person.  Sec. 7, R. S. 1919.; Tittman v. Edwards, 27 Mo. App. 492.  Section

8 applies only where the persons entitled to priority are in existence, and are competent and suitable, viz., where there is a wife or heirs over twenty-one entitled to distribution of the estate, are in existence, who are competent and suitable, and fail to apply within thirty days and after being cited to appear for five days. Section 9 applies where the persons entitled to priority are in existence, viz., where there is a wife or heirs over twenty-one entitled to distribution of the estate, in existence, competent and suitable, and who have renounced their right to administer, or where none of such persons are residents of this State. The court had the right to appoint appellant under Section 9, because there was no wife, nor any heir over twenty-one resident of this State, competent and suitable to be appointed. (5) The probate court having properly granted letters to appellant, a suitable person, there being no person entitled to priority who was competent and suitable, and he having duly qualified and given an approved bond, it could not vacate the order, or revoke the letters, except for causes mentioned in Section 42. And such causes must arise after the appointment. That letters were improvidently or unwarrantably issued is no ground under the statute. Sec. 42, R. S. 1919; Davis v. Roberts, 226 S. W. 662; State ex rel. v. Bird, 253 Mo. 569; Tittman v. Edwards, 27 Mo. App. 492; Skelly v. Veerkamp, 30 Mo. App. 49; State v. Collier, 62 Mo. App. 38; Schouler's Executors & Admrs., sec. 153; Mullanphy v. St. Louis County, 6 Mo. 563. (6) A complaint to remove an administrator cannot be made by a stranger. It can only be made by some person interested in the estate, such as the widow, heir, distributee, legatee, devisee, surety on bond, or creditor of the estate. Cross and wife were not interested in the estate and could not file a complaint. 18 Cyc. 83, 86, 166; In re Hill, 102 Mo. App. 617.

*Bresnehen & Burns* for respondents.

(1) The appointment was improvidently made. No appointment of an outsider or stranger could be

made until those entitled to distribution had an opportunity to be heard, within thirty days from the death of decedent, and then not until after five days' notice by citation. Secs. 7, 8, R. S. 1919; Mullanphy v. St. Louis County Court, 6 Mo. 564; State ex rel. Grover v. Fowler, 108 Mo. 465; Macey v. Stark, 116 Mo. 483, 504; Hollingsworth v. Jefferies, 121 Mo. App. 668; State ex rel. v. Guinotte, 113 Mo. App. 399, 408; State ex rel. Riesmeyer v. Holtcamp, 273 Mo. 124; In re Estate of Brinkwirth v. Troll, 268 Mo. 86, 100. (2) The probate court had the right, when it found it had made an erroneous or improvident appointment, to set the same aside and remove the administrator so improvidently appointed. McCabe v. Lewis, 76 Mo. 307; Krone v. Troll, 268 Mo. 86, 100; Secs. 7, 8, R. S. 1919. (3) The court could cite a minor under Section 8. Galbraith v. Pennington, 184 Mo. App. 618, 624; Wells v. Wells, 144 Mo. 198; Lehew v. Brummell, 103 Mo. 546, 553.

ATWOOD, J.—This cause was certified to the Supreme Court because the decision rendered therein by the Kansas City Court of Appeals is deemed contrary to a previous decision of the St. Louis Court of Appeals rendered in the case of Tittman v. Edwards, 27 Mo. App. 492.

It appears from the record that on March 30, 1922, Charles G. Allen, a fireman in the employ of the Chicago, Burlington & Quincy Railroad Company, died intestate from injuries received the next previous day while engaged in interstate commerce on that road. His wife predeceased him and his three minor children were kept in the home of his sister, Willie Cross, one of respondents herein, the other respondent Frank Cross, being her husband, and there they continued to reside until and after the death of their father. Deceased was a resident of Linn County at the time of his death and owned a small amount of real and personal property situated there. These three children were the sole surviving heirs and distributees of deceased's estate and

all were under fourteen years of age when he died. Appellant was Public Administrator of Linn County, and as such filed the statutory notice that he had taken charge of deceased's estate on April 17, 1922, and on April 26, 1922, he was appointed administrator. Thereafter on the same day respondent Frank Cross, who was afterward appointed guardian of said minor children, though the date of his appointment does not appear in this record, filed his application to be appointed administrator of the estate of deceased. Respondents subsequently filed in said probate court their amended motion to have appellant removed as such administrator. Upon a hearing the probate court revoked the appellant's appointment. The public administrator took his appeal to the circuit court, where, after a trial, a like result was had. On appeal properly lodged, the Kansas City Court of Appeals affirmed the finding and judgment of the circuit court. It further appears that before any of the above parties filed application to administer, the said Frank Cross had agreed with representatives of the Chicago, Burlington & Quincy Railroad Company for the payment of ten thousand dollars, in full settlement of its liability on account of Allen's death, and the said R. C. Mullins had arranged through his attorney to file suit on said claim for thirty-five thousand dollars under the Federal Employers' Liability Act, which suit was filed immediately upon his appointment.

Respondents insist that the probate court had no right to appoint appellant as administrator until thirty days had elapsed from the death of deceased, and the persons entitled to distribution of the estate had been cited to appear and qualify for administration, all as provided in Section 8, Revised Statutes 1919.

Appellant contends that the court had jurisdiction to make the appointment under the proviso of Section 7, Revised Statutes 1919, enacted in 1917, and also under Section 9, Revised Statutes 1919. These sections relied upon by appellant and respondents are as follows:

"Sec. 7. Letters of administration shall be granted: First, to the husband or wife; secondly, to those who are

entitled to distribution of the estate, or one or more of them, as the court or judge or clerk in vacation shall believe will best manage and preserve the estate: *Provided, however,* if the court, or judge in vacation, should believe no one of such persons entitled to administer is a competent and suitable person, some other person than those above mentioned may be appointed.

"Sec. 8. If no such person apply for letters within thirty days after the death of the deceased, the court or judge or clerk may issue citation to him or them, on motion of any person interested, to appear and qualify for administration, giving at least five days' time for that purpose; and if the person or persons so cited fail to administer within the time appointed, letters may be granted to any person whom the court or judge or clerk in vacation may deem most suitable.

"Sec. 9. Letters testamentary and of administration may at any time be granted to any person deemed suitable, if the person or persons entitled to preference file their renunciation thereof, in writing, with the clerk of the court, or if proof be made that no such persons reside in this State."

The above three sections should be construed together, giving effect to each as far as possible. The proviso attached to Section 7 by its amendment in 1917 simply relieved the court of the necessity, which previously existed, of appointing those who under Section 7 were entitled to preference. The court or judge in vacation is thereby empowered to appoint "some other person" if he believes that no one of the persons to whom this statute gave preference is "a competent and suitable person," but the amendment does not purport to fix the time when such person shall be appointed. Hence, on the face of the amendment Section 8 is in this respect not affected thereby.

In this case it appears that the probate court knew at the time appellant was appointed that there were no persons "entitled to distribution of the estate" except the three minors above mentioned, and under the provisions of Section 6, Revised Statutes 1919, they were

not competent to administer. Appellant in effect says, that under this state of facts it would serve no good purpose for the probate court to refuse to appoint an administrator until thirty days had elapsed after the death of deceased and these minors had been cited "to appear and qualify for administration" as provided by Section 8, and that the law will not require the doing of a useless thing.

However, notwithstanding Section 6, supra, declaring that no person under twenty-one years of age shall be executor or administrator, it does not necessarily follow that minors "entitled to distribution of the estate" are excluded from the operation of Section 8, or that it is the doing of a useless and unnecessary thing to cite them thereunder. An infant was not at common law disqualified for the office of executor. [11 R. C. L. 45.] It sometimes happened that a person named as sole executor, or he to whom the right of administration devolved by statute, was under age at the time of the testator's or the intestate's death, and in such case a peculiar administration was grantable at common law known as *durante minore aetate*—during the minority of the person entitled to administer. [Woerner's Am. Law of Admin. (3 Ed.) p. 623.] This practice exists in some of our own states, and in Missouri it is recognized by statute as far as executors are concerned. [Sec. 13, R. S. 1919.] The paramount object and purpose of all statutes fixing an order of preference to administer is to secure this right to those having a beneficial interest in the property to be administered. [Cooper v. Cooper, 43 Ind. App. 620.] Generally, a guardian is considered as having a superior interest in the welfare of the person whom he represents and in the economical administration of his estate. For this reason, when a person because of infancy or other disability, is not entitled to exercise the duties of an administrator, but would be otherwise were he competent, it is generally held, even in the absence of a statute to that effect, that his guardian should represent him, and in so doing stands upon the same plane

as the incompetent person would were he competent. [L. R. A. 1915 C, 581.] Respondents have in this case proceeded in their individual capacity and the question of a guardian's right to preference is not raised. The General Assembly has, perhaps wisely, refrained from including either guardians or public administrators among those preferred. But family agreements in the settlement of estates are favorites of the law. [11 R. C. L. 29.] The benefits of Section 8 should and were doubtless intended to extend to minors. Their guardians and near relatives though not preferred by statute may, nevertheless, be fully competent and more suitable than the public administrator or any other person the court may appoint. If an adult distributee is entitled to thirty-five days within which to appear and qualify for administration, why should not the infant who is equally interested have equal protection of the law, so that his guardian can be chosen with deliberation and care and the guardian's fitness to administer be fully and fairly considered along with the qualifications of all others who are entitled to be considered in the same order as he? Death frequently leaves a tangled skein of relationships which requires much time, tact and loving interest to unravel, culminating perhaps in a well ordered plan to administer the estate. Where minors are to be the sole distributees such fruition would not be possible if they should be denied the benefits of Section 8 and the public administrator, the function of whose office is to provide a bonded officer to do what others who have a prior right have failed or refused to do, be given the right of way to press his appointment from the death of deceased. We find no good and sufficient reason for striking down these provisions.

Appellant further contends that his appointment is authorized by Section 9, supra. This statute plainly contemplates the existence of a "person or persons entitled to preference." No such person or persons here existed because those "entitled to distribution of the estate" were not entitled to preference on account of

their minority. The statute has no application under the facts in evidence.

Whether made under Section 7 or Section 9 appellant's appointment as administrator was improvident and the probate court properly revoked same. This was not a revocation for cause under Section 42, Revised Statutes 1919, which must be had on complaint in writing by one interested. It was the correcting of an error committed by the court. The court could do this *ex mero motu* under its inherent powers. [McCabe v. Lewis, 76 Mo. 296, l. c. 301.] Hence, the question whether respondents were proper claimants in the probate court in the first instance is not material, and a determination of the issues here presented is not in conflict with Tittman v. Edwards, 27 Mo. App. 492, supra.

For the reasons above stated the case is affirmed. All concur; *Ragland, P. J.*, in result.