B. F. PIKEY, ADMINISTRATOR OF THE ESTATE OF J. C. MOODY, DECEASED, APPELLANT, v. J. E. RILES, MOVANT, RESPONDENT.*

Springfield Court of Appeals. September 23, 1929.

*Corpus Juris-Cyc References: Executors and Administrators, 23CJ, section 146, p. 1056, n. 34.

922

*Sharp & Baynes* for appellant.

*McKay & Peal* for respondents.

SMITH, J.—The facts in this case show that one J. C. Moody died on the —— day of October, 1927; that thereafter on the 24th day of October, 1927, B. F. Pikey, public administrator of New Madrid county, Missouri, made application for letters of administration upon the estate of said J. C. Moody and was appointed as such administrator on the 28th day of October, 1927, and published a notice of his appointment and had appraisers appointed for preparing and filing an inventory of the property in the estate.

On November 12, 1927, the said B. F. Pikey filed an affidavit with the probate court of New Madrid county attempting to discover assets belonging to the estate of J. C. Moody and alleged in that affidavit that J. E. Riles had property belonging to the estate consisting of

government bonds and other property, and asked that citation be issued citing the said J. E. Riles to appear before the court to answer said citation, and praying for an order that said Riles deliver to him as said administrator all the personal property he had belonging to the estate of the said J. C. Moody.

The citation was served on Riles on November 16th, and he appeared on November 22nd and filed a motion to dismiss the proceedings alleging in said motion that the probate court of New Madrid county had no jurisdiction of the property and effects of the estate of J. C. Moody, deceased; that the probate court was wholly without authority to appoint an administrator of the estate of Moody, and that the appointment of Pikey as administrator was wholly without authority of law and that such appointment was null and void and of no effect, and he alleged in said motion that the said J. C. Moody was at the time of his death a resident of Pemiscot county, Missouri and that the movant therein, J. E. Riles, was by the probate court of Pemiscot county, Missouri, on the 29th day of October, 1927, duly appointed and had qualified as administrator of the estate of said J. C. Moody and was acting as such administrator in that county and as such administrator held certain property belonging to the estate.

The probate court overruled the motion of said Riles and required him to answer the interrogatories filed by B. F. Pikey, and upon such interrogatories and answer found against Riles and ordered him to deliver to Pikey as administrator all the property which he then held belonging to the Moody estate. Riles filed an affidavit for appeal to the circuit court of New Madrid county, which appeal was granted. When the cause reached the circuit court Riles again filed his motion to dismiss the proceedings alleging that the probate court had no jurisdiction and was without authority to appoint Pikey as administrator and that his appointment was void, and that by reason of those facts the circuit court was without jurisdiction to hear the proceedings, and prayed the court to dismiss the proceedings for want of jurisdiction to hear and determine the same. A hearing was had upon the motion on September 21, 1928, at which hearing record evidence was submitted to the court consisting of the following: first, certified copy of appointment of Riles as administrator on October 29, 1927, by the probate court of Pemiscot county; second, certified copy of waiver of right to act as administrator, signed by J. W. Moody and Mrs. Mary Jones, brother and sister of J. C. Moody, stating that they were the only heirs of the said J. C. Moody residing within the State of Missouri, and relinquishing their right to administer upon the estate, this waiver being dated October 28, 1927; third, the administrator's bond of J. E. Riles, dated the 5th day of November, 1927, filed in the probate court of Pemiscot county, Mis-

souri; fourth, the order appointing B. F. Pikey administrator of the estate of J. C. Moody, deceased, which appointment was made by the probate court of New Madrid county, on October 28, 1927. No oral testimony was offered. The circuit court dismissed the proceedings, and B. F. Pikey took proper steps for appeal to this court.

There is no controversy over the facts in the case. The records clearly show that there were two men appointed as administrators of this estate. B. F. Pikey appointed on October 28, 1927, by the probate court of New Madrid county, and J. E. Riles appointed by the probate court of Pemiscot county on October 29, 1927. Each administrator contends that the other was not legally appointed and had no authority to act.

It is not necessary in the determination of this case for us to pass on the legality of the appointment of J. E. Riles, administrator, by the probate court of Pemiscot county, and we are not attempting to do so, because so far as this record shows it has never been attacked in the probate court of Pemiscot county, and is not properly before us for consideration. But not so with reference to the appointment of B. F. Pikey, and his acts under the appointment. The record shows that J. C. Moody died on the —— day of October, 1927, but it is silent as to the exact day of his death. It is shown, however, that on the 24th day of October, 1927, Pikey made application for letters of administration and was appointed by the probate court of New Madrid county and letters of administration issued to him on the 28th day of October, 1927, and he took charge on said date by publishing the administrator's notice. At the time of Pikey's appointment J. C. Moody had not been dead thirty days; J. C. Moody had at the time a brother and sister living in Missouri who were qualifiled under the statutes of Missouri to administer until they had waived the right to administer, or until a proper court had determined that they were not suitable persons for appointment.

Through the efforts of B. F. Pikey purporting to act as administrator, J. E. Riles was cited to appear before the probate court of New Madrid county to show cause why he should not deliver certain property, if any he had, to said Pikey. He did appear before said court and filed a motion to dismiss said proceedings and among other reasons stated that:

"1st. The probate court of New Madrid county has no jurisdiction of the property and effects of the estate of J. C. Moody, deceased,

"2nd. The probate court was and is wholly without authority to appoint an administrator of the estate of J. C. Moody, deceased.

"3rd. The appointment of Ben Pikey as administrator of the estate of J. C. Moody, deceased, by the probate court of New Madrid county was and is wholly without authority of law and such appointment is null and void and of no effect."

Without attempting to say, at this time, which county was the residence of J. C. Moody and which court would finally have jurisdiction over the estate, and without attempting to distinguish the many cases cited by the litigants, we think, under the facts as shown by this record, and properly raised by the motion to dismiss this proceeding, both in the probate court and the circuit court, that the appointment of B. F. Pikey as administrator was premature and therefore void, and his acts in connection therewith were without authority, because, if for no other reason, his appointment was made within thirty days after the death of Moody, contrary to the provisions of sections 7 and 8 of the Revised Statutes of Missouri, 1919. These sections have been construed by the Supreme Court in the case of In the Matter of the Estate of Charles G. Allen et al., v. R. C. Mullins, 307 Mo. 674, 271 S. W. 755, where the court in a very able opinion, written by ATWOOD, J., held that when a public administrator took charge of an estate within thirty days after the death of the intestate his appointment was improvident and erroneous, and that the probate court had a right to correct his own errors so made in appointing him.

In a very recent case, In re Wilson's Estate, Wilson v. Wilson, 16 S. W. (2nd) 737, the facts in which case, as to the time of appointment, etc., are very similar to the case under consideration, we find the St. Louis Court of Appeals in an opinion written by BECKER, J., at page 739, thereof, used this language, which is exactly in point in this case:

"Sections 7, 8, and 9, Revised Statutes of Missouri 1919, prescribing who shall be entitled to administer upon the estate of the decedent, and fixing the conditions upon which other persons may be appointed as administrators, are mandatory. The probate court has no jurisdiction to appoint an administrator in violation of their terms, and where, as here, the record of the proceedings for the appointment of an administrator shows on its face a failure to comply with the requirements of the statutes, the judgment appointing the administrator is void. [Linder v. Burns (Mo. App.), 243 S. W. 371; Smith v. Young, 136 Mo. App. 65, 117 S. W. 628; Hollingsworth v. Jeffries, 121 Mo. App. 666, 97 S. W. 632; Skelly v. Veerkamp, 30 App. 49.]"

Therefore, since B. F. Pikey's appointment as administrator was made within the thirty days' limit fixed by the statutes, and since those entitled to preference in the administration of the estate had not waived that right by filing their waiver in the probate court of New Madrid county, it follows that the probate court of that county exceeded its authority in appointing B. F. Pikey as administrator and his appointment was null and void, and he had no authority to act in connection with said estate, and since such was properly before

the circuit court on the motion to dismiss, that court did not err in dismissing the proceedings.

The judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.