STATE OF MISSOURI at the relation of LOLA ALICE PRYOR, Relatrix, v. B. L. ANDERSON, Judge of the Probate Court of Lewis County. —123 S. W. (2d) 181.

Division Two, December 20, 1938.

896

*Rendlen, White & Rendlen* for relatrix.

*Walter M. Hilbert* for respondent.

BOHLING, C.—Mandamus—on certification from the St. Louis Court of Appeals (see State ex rel. v. Anderson (Mo. App.), 112 S. W. (2d) 857, for opinion of the Court of Appeals), one of the judges of that court being of opinion the decision was contrary to the decision of this court in Cross v. Mullins, 307 Mo. 674, 271 S. W. 755.

The case involves the jurisdiction of respondent probate judge under the statutory law of this State to appoint an administrator of an intestate's estate having no resident distributee. The facts and the law are developed in detail in the opinion of the Court of Appeals and need not be set forth again. The material provisions (Secs. 6-10, R. S. 1929, Mo. Stat. Ann., pp. 8-12) are to the following effect:

"Letters of administration shall be granted: First, to the husband or wife; secondly, to those who are entitled to distribution of the estate, or one or more of them; . . ." provided if the court, or judge in vacation, believe no one of such persons to be competent and suitable, some other person may be appointed. Section 7. If no person entitled to preference under Section 7 apply "within thirty days after the death of the deceased" or appears and qualifies "for administration" within the time appointed (not less than five days) in a citation thereafter issued, letters may be granted to any person deemed most suitable (Sec. 8), or "letters . . . of administration may at any time be granted to any person deemed suitable, if the person or persons entitled to preference file their renunciation thereof, in writing, with the clerk of the court, or if proof be made that no such persons reside in this state" (Sec. 9). "Letters testamentary and of administration shall in no case be granted to a nonresident of this state . . ." (Sec. 10); ". . . and no

male or female person under twenty-one years of age . . . shall be executor or administrator . . ." (Sec. 6).

Relatrix, a nonresident distributee (niece of deceased) of intestate's estate as of the date of the appointment of the administrator but who thereafter took up a residence in this State with the view of becoming administratrix (consult Stevens v. Larwill, 110 Mo. App. 140, 154-156, 84 S. W. 113, 117, 118), presents the contention that the appointment of a stranger to the estate as administrator prior to the lapse of the time prescribed by Section 8, upon a showing, under Section 9, that all persons entitled to preference under Section 7 to administer are nonresidents of this State, is without the statutory authority conferred upon respondent probate judge in the absence of a filing of the renunciations under said Section 9 of such nonresident distributees as would have been entitled to preference under said Section 7 had they been residents of this State.

The opinion of the Court of Appeals held the appointment of an administrator in the circumstances was warranted under Section 9, supra. Relatrix's contention is faulty in that it recognizes the propriety of appointing an administrator *"at any time"* in instances wherein those entitled to preference under Section 7, proceeding under Section 9, "file their renunciation thereof, in writing, with the clerk of the court" but ignores the coequal clause of said Section 9 reading "or if proof be made that no such persons reside in this state."

Cross v. Mullins, supra, involved the appointment of an administrator prior to the lapse of time prescribed by Section 8 in a case wherein intestate's minor children, the sole distributees, resided in this State. The court held, notwithstanding minors are not eligible to appointment as administrators (Sec. 6), it did not follow that minors entitled to distribution were excluded from the operation of Section 8, or that it was a useless and unnecessary thing to cite them thereunder; as the fitness of their guardian, standing upon the same plane as the incompetent minors would were they competent, to administer should be considered along with the qualifications of all others entitled to be considered [680 and 756(2), respectively]. No provision is found in Section 9 for the appointment of an administrator "at any time" if the persons otherwise entitled to preference under Section 7 be minors; and Cross v. Mullins, supra, expressly states said Section 9 had "no application under the facts in evidence" [681 and 757(4), respectively.] That statement may not be made with propriety in the instant case.

That the person or persons entitled to preference were residents of this State appears, in the cases cited by relatrix, to have been not questioned [Mullanphy v. St. Louis County Court, 6 Mo. 563 (un-

der differently phrased statutory provisions); State ex rel. v. Collier, 62 Mo. App. 38; Skelly v. Veerkamp, 30 Mo. App. 49], or established by the uncontradicted [Cross v. Mullins, supra; Linder v. Burns (Mo. App.), 243 S. W. 361, 364(2, 3); Re Wilson's Estate (Mo. App.), 16 S. W. (2d) 737, 738(3); Pikey v. Riles, 223 Mo. App. 921, 923, 20 S. W. (2d) 550, 551; State ex rel. v. Henderson, 230 Mo. App. 1, 8, 88 S. W. (2d) 893, 898] or by substantial [Re Graves' Estate (Mo. App.), 73 S. W. (2d) 844, 847] testimony of record.

The issue turns on, not should or could but, did the law authorize, under the facts, the appointment of the administrator by respondent. We are in this proceeding limited to the consideration of a power conferred by statute. So, notwithstanding the favorable impression made by the argument of able counsel for relatrix and by observations found in the opinions of cases involving resident distributees, it appears that in the circumstances of the instant case the General Assembly has enacted an operative statute; and that the result reached by the St. Louis Court of Appeals, quashing its alternative writ, was correct under the issues presented.

Accordingly, the alternative writ of mandamus is quashed. *Cooley,* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.