**In re the ESTATE of Clarence V. NORMAN, deceased, Rice Farmer, Administrator, Appellant.**

**No. 7928.**

Springfield Court of Appeals.

Missouri.

June 20, 1961.

J. W. Grossenheider, Lebanon, for appellant.

T. A. Shockley, Waynesville, Claude T. Wood, Richland, for respondent.

McDOWELL, Judge.

This appeal is from a judgment of the Circuit Court of Pulaski County, Missouri, rendered July 25, 1960, affirming the judgment of the Probate Court of said county overruling appellant's motion to revoke the appointment of an administrator of the estate of Clarence V. Norman, deceased.

Harold L. Fellows was fatally injured in an automobile accident May 27, 1958, while a passenger in a car owned and driven by deceased, Clarence V. Norman. Respondent, widow of Harold L. Fellows, desired to file an action for damages against the estate of said Norman for the wrongful death of her husband. No application for letters of administration of the estate of Norman had been made prior to May 8, 1959, some eleven months after Norman's death. On that date, T. A. Shockley, respondent's attorney, presented an application for letters of administration on behalf of Rice Farmer to administer the estate of said Norman. This application stated, inter alia, that Clarence V. Norman, a resident of Pulaski County, died May 27, 1958, leaving no property and named as his only heirs,

Dorothy Faye Norman, widow, and a child (name unknown) ; that eleven months had expired since the death of deceased and no application for letters to administer had been filed. It stated that applicant had no financial interest in the estate.

On May 11, 1959, the application was presented to the Probate Judge in open court. T. A. Shockley informed the court that the widow of Clarence V. Norman was the only heir and was a non-resident of the state. Acting upon this information letters of administration were granted to Rice Farmer, without any citation to the persons entitled to administer, which letters were duly recorded in Book 1A, page 53, records of the probate court of Pulaski County.

Respondent then commenced her wrongful death action against Rice Farmer, administrator, in the Circuit Court of Pulaski County and Farmer was served with notice of such action on May 14, 1959.

June 5, 1959, Paul J. Dillard and J. W. Grossenheider, attorneys of record, representing Rice Farmer in respondent's civil suit filed in the Circuit Court of Pulaski County naming said Farmer administrator of the estate of Norman, deceased (defendant), filed a motion in the Probate Court to set aside the order appointing Farmer as administrator on the grounds that the Probate Court was without jurisdiction to issue the letters of appointment because the court had failed to follow the mandates of sections 473.113 and 473.020 [2] RSMo 1949, as amended, V.A.M.S. It alleged that the Probate Court's duty under said sections is mandatory and the appointment is void and should be revoked.

On June 10, 1959, a like motion to dismiss the wrongful death action was filed in the Circuit Court alleging that the appointment of Farmer, administrator, in the Probate Court was void and that the Circuit Court had no jurisdiction.

On January 15, 1960, an affidavit of Dorothy Faye Norman, widow of deceased,

was filed in the Probate Court stating that Clarence V. Norman died intestate in Pulaski County, Missouri, May 27, 1958, leaving as his only heirs, his widow and two minor children. With this affidavit she filed her renunciation of rights to administer and a ratification of the appointment of Farmer as administrator.

On March 28, 1960, the Probate Court overruled the motion to set aside the appointment of Farmer as administrator. From this judgment appeal was perfected to the Circuit Court March 30, 1960.

On April 14, 1960, the transcript of the Probate Court records was filed in the Circuit Court and the probate case consolidated with the Circuit Court's wrongful death case by consent.

On July 25, 1960, the Circuit Court entered judgment affirming the judgment of the Probate Court and overruling the motion to dismiss the wrongful death action. Motion for new trial was filed and overruled by the court and appeal granted to the Springfield Court of Appeals.

Appellant assigns as error the action of the trial court in sustaining the judgment of the Probate Court overruling the motion to revoke letters of administration issued to appellant on the ground that said appointment by the Probate Court is void.

The issue presented must be determined under the provisions of the new Probate Code, now chapters 472, 473, 474, and 475. The Act became effective January 1, 1956, and it is provided that the procedure prescribed in the New Code shall govern all proceedings in probate brought after the effective date. See Laws of Missouri, 1955, p. 385 "Courts: Relating to the probate laws of Missouri.", and page 390, Section A and Section 1.

◼ The Probate Court has jurisdiction over all matters pertaining to probate business, including the granting of letters of administration. Const. of Missouri 1945, Art. V, Sec. 16, V.A.M.S.; § 472.020 RSMo

1959, V.A.M.S.; M.L.R., Vol. 23, p. 119(a), p. 120(b).

§ 473.010 [2] provides: "* * * The proceedings are deemed commenced by the filing of an application for letters; and the proceeding first legally commenced extends to all of the property of the estate in this state, * * *"

§ 473.013 provides: "The administration of the estate of a decedent from the filing of the application for letters testamentary or of administration until the decree of final distribution and the discharge of the last administrator or executor is deemed one proceeding for purposes of jurisdiction. Such entire proceeding is a proceeding *in rem*. No notice is jurisdictional except the notice by publication provided in section 473.033, unless the provision requiring the notice expressly provides that the notice is jurisdictional."

§ 473.020 [1] provides: "If no application for letters is filed by a person entitled thereto under section 473.110 within twenty days after the death of decedent any interested person may apply to the court of a proper county: * * *

"(3) For the appointment of an administrator, if no executor is designated in the will, or if the person so named is disqualified or unsuitable, or refuses to serve, or if there is no will.

"2. The application shall be verified and shall state the date of the death of decedent, the place of his residence, the general nature and approximate value of his estate so far as is known, and the names of the persons named as executors or who may be entitled to administer the estate of the decedent. The petition shall be set for hearing within fifteen days and notice thereof shall be served upon the persons allegedly named as executors or entitled to administer within such time as the court requires. After hearing the court may order the issuance of letters testamentary or of administration to the person found by the court entitled thereto and who applies and qualifies therefor within three days, or within such longer time as is allowed by the court, and, in default of application and qualification, to some other person found suitable, or it may enter an order refusing letters on the estate or dismiss the petition."

§ 473.110 entitled "Persons entitled to letters" provides:

"2. Letters of administration shall be granted to the following persons if otherwise qualified:

"(1) To the husband or wife;

"(2) To one or more of those who are entitled to distribution of the estate, whom the court shall believe will best manage and preserve the estate A guardian of a distributee is not entitled to preference;

"(3) If the court believes no one of the persons entitled to administer is a competent and suitable person or if any such person fails to apply for letters when directed by the court some other person may be appointed."

§ 473.113—"Others appointed, when", provides: "Letters may be granted at any time to any person deemed suitable, if the persons entitled to preference file their renunciation thereof, in writing, with the clerk of the court, or if proof is made that no such persons reside in this state."

It is appellant's contention that before valid letters of administration could have been issued in the instant case, the application must have been made by a person interested in the wrongful death action, namely Helen Fellows, as required under section 537.020 RSMo 1949, as amended V.A.M.S. or by an interested person under section 473.020 [2] RSMo 1949, V.A.M.S., and that Rice Farmer, the appointed administrator, was neither.

Appellant further contends that even though Rice Farmer would be deemed to be

a person entitled to petition for the appointment of administrator under another section of the Probate Code, before such letters could be granted there must have been a written renunciation of the widow filed in the probate court and, in the instant case, there was no such renunciation.

Appellant also contends that the appointment of Rice Farmer as administrator was not voidable but void. Appellant says that the Probate Court failed to follow the statutory powers granted by the legislature governing the appointment of administrators.

The right to administer was formerly governed by V.A.M.S. §§ 461.030, 461.040, 461.050, 461.100 and 461.110. Under the 1955 Code it is governed by very similar provisions in V.A.M.S. §§ 473.110, 473.020, 473.113, and 473.117, and, by reason of the similarity of the statutes it is believed that prior decisions concerning the priority to letters will be applicable under the 1955 Code. Maus, Probate Law and Practice, Vol. 4, § 654, p. 12 (footnote).

■ The right to administer is not a common law right, but one created by statute. The extent of the right to administer is to be defined by the legislature. All statutes concerning the granting of letters of administration must be construed together. Maus, Probate Law and Practice, Vol. 4, § 654, p. 12; State ex rel. Pryor v. Anderson, Mo.App., 112 S.W.2d 857; In re Dugan's Estate, Mo.App., 309 S.W.2d 137.

It is conceded by the parties to this appeal that Rice Farmer was not an *interested party* as that term is used in the New Probate Code and it was held in State ex rel. Dryden v. Thym, Mo.App., 282 S.W.2d 178, 185 [12, 13] that:

" * * * The appointment of a stranger or person not an heir of the deceased prior to the expiration of the 30-day period prescribed in § 461.040, supra, however, is void. In re Graves' Estate, Mo.App., 73 S.W.2d 844; In re

Wilson's Estate, Mo.App., 16 S.W 2d 737; Pikey v. Riles, 223 Mo.App. 921, 20 S.W.2d 550."

■ Appellant, in the instant case, being a non-interested party in the estate or a stranger in blood to the decedent, could not have applied for letters of administration as a matter of right under the provisions of the statute. In re State ex rel. Dryden v. Thym, supra, 282 S.W.2d at page 184 [10-11]; Hollingsworth v. Jeffries, 121 Mo.App. 660, 97 S.W. 632, 634. The deceased's widow had a prior right to administer unless the court made a judicial finding that she was a non-resident. She had the first right to administer. State ex rel. Lillard v. Tompkins, Mo.App., 262 S.W.2d 316, 317.

In Maus, Probate Law and Practice, Vol. 4, § 664, p. 20, the writer states this law: " * * *

"However, it has been held the probate court has no jurisdiction to make an appointment contrary to the statutory provisions for appointment. In the event it affirmatively appears from the judgment of appointment that the probate court proceeded contrary to the manner prescribed by statute, the appointment is void and may be questioned in a collateral action. It has even further been held that if the irregularity appears from the whole of the record the appointment is likewise void. On the other hand, it has been held that the irregularity must affirmatively appear and the mere silence of the record concerning a jurisdictional fact is not sufficient to subject the appointment to collateral attack. In the absence of such an affirmative showing, it will be presumed that the necessary jurisdictional determinations were made."

■ We agree with appellant that if the Probate Court made the appointment of Rice Farmer, administrator of the estate of deceased under either section 473.020 [2] or 473.110, such appointment would be void.

But, in determining the validity of this appointment and the correctness of the ruling of the Probate Court in overruling appellant's motion to revoke letters of administration granted to Farmer, we must examine all the sections of the statute relating to the powers of the Probate Court. We think the law is well settled that if the Probate Court had appointed one not entitled to administer, mandamus will lie to compel the removal of that person. Maus, Probate Law and Practice, Vol. 4, § 666, p. 22.

Respondent contends that appellant has overlooked an important and vital provision of the New Probate Code, § 473.013, RSMo 1949, as amended by Laws 1957, page 829, V.A.M.S. This section provides that administration proceedings is a single proceeding in rem. It is, of course, entirely new and marks a distinct departure from the present law in that the only jurisdictional notice of administration is expressly declared to be the initial notice of letters.

In the instant case it is admitted that the appointment was made and the initial notice of letters of administration published. Therefore, the Probate Court complied with this new section of the statute. We think this contention, on the part of respondent, is supported by § 473.113 of the New Code, which reads:

"Others appointed, when.—Letters may be granted at any time to any person deemed suitable, if the persons entitled to preference file their renunciation thereof, in writing, with the clerk of the court, or if proof is made that no such persons reside in this state."

We do not agree with respondent that the filing of renunciation of rights to administer by the widow of the deceased, approximately a year after the appointment of the administrator, would breathe life into a void appointment but we do hold that if the probate judge made a finding of record at the time of the appointment upon a hearing before the court, that the widow, the only one entitled to priority to administer, was a non-resident, then the court's appointment was justified under § 473.113.

It was held in State ex rel. Pryor v. Anderson, 343 Mo. 895, 123 S.W.2d 181 that the ruling of the St. Louis Court of Appeals that the probate court could appoint a stranger as administrator of intestate's estate prior to expiration of 30 days after intestate's death, notwithstanding that distributees did not file a renunciation of their preference, where distributees were all non-residents, was not in conflict with Supreme Court decision.

The law is stated in Maus, Probate Law and Practice, Vol. 4, § 656, p. 15, as follows: "While the amendment mentioned granted the right to the probate court to find those entitled to letters not competent, under similar statutes prior to the 1955 Code it was held, as discussed, that such action could be taken only upon an express finding of incompetency and after notice and a hearing. It was further held that the amendment did not alter the time within which one not entitled to letters could obtain a grant of letters or institute proceedings to force the appointment of an administrator. Hence, even though the individual entitled to priority may be incompetent to serve, another cannot institute a proceeding to compel the appointment of an administrator until more than twenty days after the date of death.

"In the event one entitled to administer applied for letters, but is refused upon the ground of incompetency, whether one not entitled to priority may be appointed within the 20 day period has not been passed upon. There is no reason why letters could not be immediately granted in such a situation.

"*One exception to the above rule exists. That is where all of those entitled to priority are non-residents of the state or file their written renunciation of that right. In that event, letters may be granted at any time to some qualified person.*" (Emphasis ours.) The author cites V.A.M.S.

§ 473.113; State ex rel. Pryor v. Anderson, 343 Mo. 895, 123 S.W.2d 181, quashing mandamus Mo.App., 112 S.W.2d 857.

In the instant case the application was made more than twenty days after the date of the death of deceased. In fact, it was admitted it was some eleven months afterwards. The probate judge testified as follows:

"Q. Application was made on May 9th, 1959 for the appointment of administration, is that right? A. That's right.

"Q. That was in open Court? A. In open court.

"Q. In the Probate Court of Pulaski County, Missouri? A. That's right; and then I took the matter up and interrogated him in regard to what the set-up was.

"Q. Interrogated Mr. Shockley? A. I did. I always do all attorneys. I did. I remember this particular occasion. And he told me the facts and that the death had occurred some time before, as I remember it, the party had been dead, or the husband, whoever it was.

"Q. All right; in other words, you determined that? A. And then the statement was already made here in the application that the party had been dead eleven months—or had elapsed since the date of—date—more than eleven months, is in the application.

"Q. And you held a hearing? A. I went into that matter with him personally.

"Q. Yes, sir. Now, did you determine, as a result of that hearing, before you appointed an administrator, that no persons entitled to administer on the estate resided in Missouri at that time? A. That was what I determined.

"Q. And, as a result of that determination, you appointed Rice Farmer? A. I wouldn't have appointed an administrator if there had been somebody else qualified in the family in the State upon my investigation, and for that reason I appointed Rice Farmer."

Appellant's attorney offered in evidence the files of the Probate Court and he tried to show by the Judge that they included all that took place at the time of the appointment of administrator. He gave this evidence:

"Q. Judge, I guess the record will show that the appointment was made the day that Tom came down there and made application, wasn't it? A. Well, I don't know. I—I guess it was. Yes, it was made probably—whatever the record shows.

"Q. Judge, just one other question. This folder which has been received in evidence by stipulation contains only the files of the Probate Court, does it not? A. That's right; this is only the files.

"Q. It does not contain the records? A. Oh, no.

"Q. You have permanent records over there. A. Yes, I have over here."

■ The burden of proof rested upon appellant to show what the findings of the probate court were in the case involved. It was held in James v. James, Mo.Sup., 248 S.W.2d 623, 627 [5, 8] that:

"On appeal, the presumption is that the trial court's decision was correct, and the burden is on appellant affirmatively to show error as a condition precedent to reversal. State to Use of Consolidated School Dist. No. 42 of Scott Co[unty] v. Powell, 359 Mo. 321, 221 S.W.2d 508, 511."

This same rule of law was declared by our court in E. C. Robinson Lumber Company v. Lowrey, Mo.App., 276 S.W.2d 636.

█ It was incumbent upon appellant to show by record evidence that the judgment of the probate court was void. He failed to introduce the records, and, for that rea-son, we hold that he did not make a case of error on the part of the Probate Court.

Judgment affirmed.

RUARK, J., concurs.

STONE, P. J., dissents.