**STATE of Missouri ex rel. Rice FARMER, Administrator of the Estate of Clarence V. Norman, deceased, Relator,**

v.

**Honorable Emery W. ALLISON, Judge of the Circuit Court of Pulaski County, Missouri, Respondent.**

No. 8089.

Springfield Court of Appeals.

Missouri.

July 26, 1962.

J. W. Grossenheider, Lebanon, for relator.

T. A. Shockley, Waynesville, Claude T. Wood, Richland, B. H. Clampett, Springfield, for respondent.

RUARK, Presiding Judge.

This is prohibition. Since our initial question is one of res judicata or estoppel by judgment, a recounting of some history is necessary.

On May 27, 1958, Harold Fellows was (it is alleged) fatally injured while riding in an automobile driven by Clarence V. Norman, who died on the same date. The widow of Fellows desired to sue the estate of Norman, but no letters of administration had been issued on such estate. On May 9, 1959, one Rice Farmer (not of kin) presented application for letters. The applica-

tion named, as those interested, a widow and child. On May 11, 1959, the court, without citation to persons entitled to administer, and acting upon information that the widow was a nonresident, granted letters to Rice Farmer.

Widow Fellows then filed suit for damages in the circuit court, and Farmer as administrator was served.

On June 5, 1959, attorneys representing the administrator in the suit for damages filed a direct attack in the probate court by motion to set aside the order appointing Farmer as administrator and praying for revocation of such letters. The ground for the attack was that the probate court had no jurisdiction to grant the letters because of failure to comply with the provisions of Sections 473.020, 473.110, and 473.113. Specifically, the question was whether the probate court had made a finding that the widow (who otherwise was entitled to administer) was a nonresident.

The probate court overruled the motion to revoke. The case went to the circuit court on appeal, which affirmed the judgment of the probate court. The case was appealed to this court, and in In re Norman's Estate, Mo.App., 347 S.W.2d 908, 909, this court affirmed the circuit court. It may be said parenthetically that in the reasoning of that opinion attention was called to the fact that the movants did not introduce the records of the probate court to show whether or not a finding of nonresidence of the widow had been made.

Be that as it may, the judgment overruling the motion and refusing to revoke the letters was affirmed without qualification and that became final.

Now as to this case: After the mandate following affirmance of that judgment had been filed, the relator filed, in the damage

suit in circuit court, a motion to dismiss the action on the ground that the appointment of the administrator was void because the probate records showed that there had been no judicial finding that the widow was a nonresident; hence the person named as administrator had no right to maintain the action. A hearing was had on this motion and, subject to the objection of the plaintiff in that case, evidence was received. In *that* hearing relator put into evidence *all* of the records of the probate court.[1]

Upon the indication of the circuit judge that he intended to overrule such motion to dismiss and proceed with the damage suit, the relator applied for and we issued a preliminary writ. Both in his suggestions opposing the issuance of the writ and in his answer, the respondent raises the question of res judicata.

■ We are of the opinion that respondent is correct. The parties are the same. The issue is the same. The question involved in the direct attack by motion to revoke was whether the appointment was void for the reason there was no finding that the person having first right to administer was not qualified. That is the exact question involved in this case. The only difference in the two is that in the present case the movant offered more evidence than he did in the first case.

■■ The general principle announced in numerous cases is that (except where the remedy itself has been misconceived) a right, question, or ultimate fact distinctly put in issue, or necessarily involved, and directly determined by a court of competent jurisdiction, cannot be disputed or again litigated in a subsequent suit between the same parties or their privies. The question, once so determined, must be taken as

1. Relator contends that these records affirmatively show there was no finding of incompetency of persons first qualified to administer (specifically there was no finding the widow was a nonresident). Respondent contends with equal vigor that

the records, coupled with presumption of right action, show exactly the opposite. For the purpose of consideration of the first and essential question of estoppel by judgment, we do not further concern ourselves with this perplexing problem.

conclusively established. Whiteley v. Whiteley, Mo.App., 325 S.W.2d 502, 505; Boggiano v. Thielecke, Mo.App., 326 S.W.2d 386, 391; Se-Ma-No Electric Cooperative v. City of Mansfield, Mo.App., 321 S.W.2d 723, 729; Graham v. Kirchner, 365 Mo. 806, 287 S.W.2d 830, 833; Veal v. City of St. Louis, 365 Mo. 836, 289 S.W.2d 7, 13; Ratermann v. Ratermann Realty & Investment Co., Mo.App., 341 S.W.2d 280, 290–291. The estoppel applies not only to those issues of ultimate fact which were actually litigated but also to those which *might* have been litigated in the former action. Reis v. La Presto, Mo., 324 S.W.2d 648, 652; Abeles v. Wurdack, Mo., 285 S.W.2d 544, 546; Ezell v. Ezell, Mo.App., 348 S.W.2d 592, 596.

We are of the opinion that the preliminary writ was improvidently issued and should be quashed. It is so ordered.

McDOWELL and STONE, JJ., concur.